ECF DOCUMENT
I hereby attest and certify this is a printed copy of a document which was electronically filed with the United States District Court for the Northern District of California.
Date Filed: 1/5/06
RICHARD W. WIEKING, Clerk
By: _____ Deputy Clerk

FILED
JAN 26 2006
**E-Filed 01/05/06**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER 1:06CV00142
JUDGE: Henry H. Kennedy
DECK TYPE: General Civil
DATE STAMP: 01/26/2006

JURY ACTION

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| COUPONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELLEN A EFROS, ESQ., et al., <br><br> Defendants. | Case Number C 05-03491 JF <br><br> ORDER[1] (1) DENYING MOTION TO DISMISS, AND (2) TRANSFERRING TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA <br><br> [Docket No. 7] |

## I. BACKGROUND

On August 29, 2005, Defendants Ellen A. Efros, Esq. ("Efros"), Ronald P. Kananen, Esq. ("Kananen"), Rader, Fishman & Grauer, PLLC ("Rader") and Does 1 through 20 removed the instant case from Santa Clara Superior Court pursuant to 28 U.S.C. § 1441(b) and based on diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff Coupons, Inc. ("Coupons") alleges two claims against Defendants: (1) professional negligence, and (2) breach of fiduciary duty. Coupons is a

---

[1] This disposition is not designated for publication and may not be cited.

California corporation with its principal place of business in Palo Alto, California. Efros is an individual residing in Washington, D.C. and was a member of the Rader law firm until August 31, 2005. Kananen is a resident of Washington, D.C. and, as of November 4, 2005, the date of his declaration, is a member of the Rader law firm. The Rader law firm is registered in Michigan and has its principal place of business in Bloomfield Hills, Michigan; it does not have any offices in California. On September 6, 2005, Defendants Efros, Kananen, and Rader filed the instant motion to dismiss for lack of personal jurisdiction and for improper venue; alternatively, they move for transfer the case to the District of Columbia for improper venue or for convenience. Coupons opposes the motion. The Court heard oral argument on November 4, 2005.

In August 1999, Steven Boal ("Boal"), the Chief Executive Officer of Coupons, contacted Kananen for legal representation with respect to prosecution of a patent. Previously, while working at another law firm, Kananen had done some patent work for Boal. From 1999 through 2005, Coupons paid Rader approximately $160,000 in fees for patent prosecution, trademark registration and related work. In 2001, Coupons purchased a patent infringement liability insurance policy from Indian Harbor Insurance Company ("Indian Harbor"). As was required by Indian Harbor, Coupons submitted an opinion letter prepared by Kananen describing patents relevant to Coupons's products. Kananen submitted a similar letter when this policy was renewed in July 2002. Coupons alleges that Kananen either did not find or did not disclose to Coupons or Indian Harbor patents that would later become the subjects of a patent infringement lawsuit against Coupons. According to Coupons, this absence of disclosure subsequently influenced Indian Harbor's decision to deny insurance coverage to Coupons for subsequent litigation between Coupons and E-Centives, Inc. ("E-Centives") and Black Diamond CCT Holdings, LLP ("Black Diamond").

In November 2002, E-Centives and Black Diamond filed a patent infringement suit against Coupons in the United States District Court for the District of Maryland. Coupons retained Efros for legal representation in this litigation, and the related engagement letter was signed in California. During her representation of Coupons in this litigation, Efros traveled to

Case No. C 05-03491 JF
ORDER (1) DENYING MOTION TO DISMISS, AND (2) TRANSFERRING TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(JFLC1)

California on four occasions to conduct depositions. Coupons alleges that Efros asserted a baseless defense in the answer that she submitted on behalf of Coupons, thereby exposing Coupons to the risk of paying attorney's fees to opposing parties.

During her representation of Coupons in the litigation with E-Centives and Black Diamond, Efros began to provide Coupons with insurance coverage advice. Coupons alleges that Efros took on these duties without having been specifically asked to perform them. In December 2002, Efros notified Marsh Advantage America, Coupons's insurance broker, of the E-Centives and Black Diamond litigation and requested that the broker notify Indian Harbor Insurance of the litigation. Marsh Advantage America is located in San Francisco, California. Efros corresponded via e-mail with Boal, Frank Serafin ("Serafin"), the Chief Financial Officer of Coupons at that time, and Jeffrey Weitzman ("Weitzman"), the Chief Operating Officer of Coupons, regarding coverage of the Insurance Harbor insurance policy. In January 2002, Efros and Kananen consulted with Boal, Serafin, and Weitzman about whether Coupons should submit a claim form with Indian Harbor at that time or wait until it was clear that the attorney's fees would exceed the $500,000 insurance deductible. Based on advice from Efros and Kananen, Coupons decided not to submit a claim at that time. Coupons argues that this insurance coverage advice was independent from the legal representation in the E-Centives and Black Diamond litigation; Coupons paid approximately $10,000 for this advice.[2]

In December 2003, Efros suggested to Coupons that she contact Indian Harbor regarding insurance coverage, as it was beginning to become clear that litigation expenses would exceed the insurance deductible. However, at that time, Indian Harbor took the position that Coupons had failed to submit a claim form within the required coverage period. In the winter and spring of 2004, Efros prepared and submitted a claim form to Indian Harbor and provided materials supporting this claim. In July 2004, Indian Harbor denied Coupons's insurance claim, basing its

---

[2] Defendants have objected to some of the evidence presented in this paragraph. However, as is explained below, the Court need not rule on Defendants' objections in order to decide the instant motion.

3

Case No. C 05-03491 JF
ORDER (1) DENYING MOTION TO DISMISS, AND (2) TRANSFERRING TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(JFLC1)

decision on what it considered to be a late submission of the claim form and the failure to disclose certain patents. Coupons currently is engaged in arbitration with Indian Harbor regarding this denial of insurance coverage. The arbitration is being conducted in San Francisco; Indian Harbor unsuccessfully attempted to transfer the arbitration to Connecticut or Kentucky.

## II. DISCUSSION

### A. Motion to Dismiss for Lack of Personal Jurisdiction and for Improper Venue

Defendants move to dismiss the instant action for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and for improper venue, pursuant to 28 U.S.C. § 1391(a). Because the Court concludes that it does not have personal jurisdiction over Defendants, it will not reach the merits of Defendants' motion to dismiss for improper venue. However, although it does not have personal jurisdiction over Defendants, in the exercise of its discretion and pursuant to 28 U.S.C. § 1406(a), the Court will not dismiss the instant case outright. Instead, in the interest of justice, it will transfer the matter to the District of Columbia.

### 1. Personal Jurisdiction

Defendants argue that the Court has neither general nor specific jurisdiction over any of the Defendants. Coupons contends that the Court has specific jurisdiction over all defendants and that it may have general jurisdiction over Rader.

A district court sitting in California may exercise personal jurisdiction over a non-resident defendant if the defendant has "minimum contacts" with California such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977); *see also International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). If the nonresident defendant's contacts with California are "substantial" or "continuous and systematic," the defendant is subject to "general jurisdiction" in California even if the cause of action is not related to the defendant's activities within the state. *Data Disc*, 557 F.2d at 1287. If the defendant's activities within the state are not so pervasive as to subject it to general jurisdiction, it may be subject to "specific jurisdiction"

4

Case No. C 05-03491 JF
ORDER (1) DENYING MOTION TO DISMISS, AND (2) TRANSFERRING TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(JFLC1)

if the defendant's contacts with the forum meet the following three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987)).

When a nonresident defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of showing that jurisdiction is proper. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986). In the context of a motion to dismiss based upon pleadings and affidavits, the plaintiff may meet this burden by making a *prima facie* showing of personal jurisdiction. *Metropolitan Life Ins. v. Neaves*, 912 F.2d 1062, 1064 n.1 (9th Cir. 1990); *Data Disc*, 557 F.2d at 1285. In determining whether the plaintiff has made a *prima facie* showing, documents submitted by the plaintiff are construed in the light most favorable to the plaintiff and all doubts are resolved in the plaintiff's favor. *Metropolitan Life*, 912 F.2d at 1064 n.1.

**a. Specific Jurisdiction**

The first prong of the test for specific jurisdiction requires that the plaintiff establish purposeful availment of or purposeful direction toward the forum state. The phrase "purposeful availment" is often used to include both purposeful availment and purposeful direction, which are two distinct concepts. *Schwarzenegger*, 374 F.3d at 802. A purposeful direction analysis "is most often used in suits sounding in tort." *Id.* The instant action involves two tort claims: (1) professional negligence, and (2) breach of fiduciary duty.[3] Demonstration of purposeful direction "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id.* at 803

---

[3] *Stanley v. Richmond*, 41 Cal. Rptr. 2d 768, 776 (Ct. App. 1995) ("a breach of fiduciary duty is a species of tort distinct from a cause of action for professional negligence.").

5

(citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774-75 (1984)). A court evaluates purposeful direction under the three-part "effects" test established in *Calder v. Jones*, 465 U.S. 783 (1984), requiring "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir.2002)).

Defendants argue that their representation of Coupons in the E-Centives and Black Diamond litigation in Maryland does not subject them to personal jurisdiction in California. They cite several cases involving the question of whether out-of-state attorneys may be subject to personal jurisdiction in California related to litigation that did not occur in California. In *Crea v. Busby*, 55 Cal. Rptr. 2d 513, 516 (Cal. Ct. App. 1996), the court held that a defendant was not subject to personal jurisdiction in California merely because he maintained a law license in California, although he had not practiced law in California in 14 years. The attorney resided in Oregon and was retained by an Oregon resident to file suit in Oregon regarding only Oregon corporations, contracts, and laws. *Id.* at 514. Because this case involves no genuine allegations of affirmative action in California, alleging instead only the passive maintenance of a California law license, it is of little relevance to the instant case.

In *Edmunds v. Superior Court*, 29 Cal. Rptr. 2d 281 (Cal. Ct. App. 1994), the court held that a Hawaii attorney who represented a California limited partnership in a case litigated in Hawaii was not subject to personal jurisdiction in California. During the course of this representation, the attorney "came to California [for a deposition], made phone calls and wrote letters to and from this state, and accepted payment from a California client." *Id.* at 290. These facts were not sufficient to establish "purposeful availment of the benefits and protections of California law." *Id.* The court noted that public policy supported its conclusion, reasoning that to decide otherwise "would effectively be to penalize out-of-state attorneys by subjecting them to suit here on a highly attenuated theory." *Id.* The Hawaii attorney also reviewed letters relating to his client's business partnership in California, but explained to his client that he could not give

6

Case No. C 05-03491 JF
ORDER (1) DENYING MOTION TO DISMISS, AND (2) TRANSFERRING TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(JFLC1)

in Texas and their contacts with California—which included the retention of the Texas attorneys by the clients in California through their California attorneys, telephone and mail correspondence with the clients in California for a period of four years, material furnished for the litigation from California, and fees paid through a fee-splitting arrangement with the California attorneys— together were sufficient to make personal jurisdiction over the Texas attorneys in California constitutionally permissible. *Id.* at 512-13. However, in *Sher*, the Ninth Circuit expressly declined to follow *Brown*, stating: "Although we address jurisdiction in this case pursuant to the California personal jurisdiction statute, we are not bound by the decisions of California courts; the ultimate question here is one of federal constitutional law." *Sher*, 911 F.2d at 1363.

In the instant case, Defendants argue that they are not subject to personal jurisdiction in California because they did not solicit business in California, they do not hold California law licenses, and their communications with Coupons in California were the "normal incidents" of legal representation. The Court agrees with Defendants that the mere representation of a California client in a court outside of California is insufficient to establish purposeful direction. Coupons, however, contends that Defendants did more than merely represent them in their litigation with E-Centives and Black Diamond in Maryland. It identifies three facts that purportedly distinguish the instant case from a case in which the defendants merely represented plaintiffs in a single litigation. First, Coupons alleges that Efros reached out to California to give advice to Coupons regarding coverage of the Indian Harbor insurance policy. This insurance policy was purchased through a California insurance broker and is arguably controlled by California law,[4] although Indian Harbor is itself appears to be a Kentucy corporation. Second, Coupons alleges that Defendants' representation of Coupons included prosecution of Coupons's patent application and advice regarding intellectual property. Third, Coupons alleges that Rader's website "promotes the firm as a sophisticated worldwide intellectual property law firm

---

[4] Citing relevant authority, Coupons states: "Although there is no choice of law provision in the insurance policy, California law applies because Coupons' premiums were paid from California, losses were suffered in California, and benefits due under the policy would be paid in California."

8

Case No. C 05-03491 JF
ORDER (1) DENYING MOTION TO DISMISS, AND (2) TRANSFERRING TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(JFLC1)

1  with more than 40 attorneys and providing services to companies in more than 220 countries."

2        Coupons's allegation that Efros reached out to California to give insurance coverage

3  advice is insufficient to establish purposeful direction in California. Defendants object to the

4  some of the evidence used to support Coupons's allegation that Efros affirmatively and

5  spontaneously initiated her role in giving Coupons advice regarding the Indian Harbor insurance

6  policy. However, it is not necessary for the Court to rule on these objections. Even if Efros

7  affirmatively and spontaneously gave advice to Coupons regarding the insurance policy, such

8  action was incident to her representation of Coupons in the E-Centives and Black Diamond

9  litigation in Maryland; it does not constitute an intentional act expressly aimed at California.

10 Thus, this Court does not have personal jurisdiction over Efros.

11       Coupons alleges generally and vaguely that Defendants Kananen and Rader provided

12 legal services prior to the litigation with E-Centives and Black Diamond:

13-16 
> Kananen and Rader performed a number of tasks for Coupons related to prosecution of its patent and registration of numerous trademarks between August 1999 and February 2005. Coupons' business development and success is related in no small part to protection of its intellectual property. Kananen's advice on Coupons' intellectual property was therefore of critical importance to Coupons. Coupons paid Rader approximately $160,000 in fees for Rader's non-litigation work related to Coupons' intellectual property between August 1999 and February 2005.

18 Boal Dec. ¶ 6. However, contrary to Coupons's suggestion, this pre-existing legal relationship

19 does not establish that "Rader, Efros and Kananen should have reasonably anticipated being

20 subject to California's jurisdiction in the event of any malpractice." First, it has no bearing on

21 whether Efros is subject to personal jurisdiction in California, because there is no allegation that

22 Efros had a relationship with Coupons prior to the litigation with E-Centives and Black

23 Diamond. Second, it is insufficient to establish that Kananen or Rader purposefully availed

24 themselves "of the privilege of conducting activities within [California], thus invoking the

25 benefits and protections of its laws," *Schwarzenegger*, 374 F.3d at 802, or purposefully directed

26 their activities to California. Coupons does not allege that Kananen or Rader reached out to

27 California to provide any of these services. Instead, Coupons describes the initiation of the legal

28

Case No. C 05-03491 JF
ORDER (1) DENYING MOTION TO DISMISS, AND (2) TRANSFERRING TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(JFLC1)

relationship as follows: "In approximately August 1999, I [Boal] contacted [Kananen] of [Rader] to represent Coupons with respect to prosecuting its patent. I was familiar with Kananen at that time because he had performed some patent work for me prior to his joining Rader." Boal Dec. ¶ 4.

Rader's website does nothing to establish that Efros, Kananen, or Rader purposefully directed acts toward California. Coupons argues that "a website plus 'something more' can subject a party to jurisdiction in California." *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). However, a website itself is not an act of purposeful direction. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) ("Creating a site, like placing a product into the stream of commerce, may be felt nationwide-or even worldwide-but, without more, it is not an act purposefully directed toward the forum state.").

Accordingly, the Court concludes that Coupons has not established that any of the Defendants purposefully directed acts toward California in order to subject themselves to personal jurisdiction in California. Because Coupons has not satisfied the first prong, it is not necessary to reach either the second or the third prongs of the test for specific jurisdiction.

**b. General Jurisdiction**

Coupons requests that the Court permit Coupons to engage in discovery in order to establish that Rader is subject to general jurisdiction in California. Coupons has submitted a declaration by attorney Louise A. Warren in which she states that Rader has represented clients in this district in at least two recent cases. Warren Decl. ¶ 3. However, even if Coupons establishes general jurisdiction over Rader, which seems unlikely considering the evidence presently before the Court, this would not establish personal jurisdiction over Efros and Kananen. The Court concludes that it would not be a prudential use of litigation and court resources to permit discovery on this issue.

10

## B. Motion to Transfer Venue for Convenience

Defendants move, in the alternative, to transfer the instant case to the District of Columbia for convenience, pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." On a § 1404(a) motion, a plaintiff's choice of forum is ordinarily accorded substantial weight, and a court will not transfer a case unless the "convenience" and "justice" factors tip strongly in favor of the transfer. *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1092 (N.D. Cal. 2002); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Coupons opposes Defendants' motion to transfer pursuant to § 1404(a) on the ground that Defendants have not established that the convenience of the desired court clearly outweighs the convenience fo the plaintiff's chosen forum.

However, Defendants need not establish the convenience of transferring because this Court presently has only two options: (1) dismiss the case for lack of personal jurisdiction, or (2) transfer venue. When the district court lacks personal jurisdiction over defendants, as it does in the instant case, transfer pursuant to 28 U.S.C. § 1406(a) is appropriate. *See, e.g., Nelson v. International Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court may transfer venue *sua sponte*. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *see also Caldwell v. Palmetto State Sav. Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987). Coupons had notice that this case may be transferred, and has had an opportunity to respond to the challenges both to personal jurisdiction and to venue. Accordingly, this Court evaluates the instant motion to transfer as if it had been brought pursuant to 28 U.S.C. § 1406(a). This Court has jurisdiction to transfer this case to a different district because has subject matter jurisdiction over the instant case, pursuant to 28

11

Case No. C 05-03491 JF
ORDER (1) DENYING MOTION TO DISMISS, AND (2) TRANSFERRING TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(JFLC1)

1  U.S.C. § 1332. *Hernandez v. Campbell*, 204 F.3d 861, 865 n.6 (9th Cir. 2000) ("Section 1406(a)
2  only allows transfer where the first court has subject matter jurisdiction over the action.").
3      The Court concludes that it is in the interest of justice to transfer the instant case, rather
4  than dismiss it, because Coupons's arguments that the Court has personal jurisdiction over
5  Defendants were not frivolous and its claims in the instant case are potentially meritorious. The
6  ~~District of Columbia is an appropriate venue pursuant to 28 U.S.C. § 1391(a).~~ The District of
7  Columbia, where the vast majority of the litigation services at issue in the instant litigation was
8  performed, Efros Decl. ¶ 3 and Kananen Decl. ¶ 3, is "a judicial district in which a substantial
9  part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2).
10 Accordingly, the Court will grant Defendants' motion to transfer the instant case to the District
11 of Columbia, pursuant to 28 U.S.C. § 1406(a) rather than § 1404(a).

### IV. ORDER

14     Good cause therefore appearing, IT IS HEREBY ORDERED that Defendants' motion to
15 dismiss for lack of personal jurisdiction or, in the alternative for improper venue, is DENIED. In
16 the interests of justice and on the Court's own motion, it is hereby ordered that the instant matter
17 be transferred to the United States District Court for the District of Columbia

20 DATED: January 5, 2006

/s/ electronic signature authorized
JEREMY FOGEL
United States District Judge

Case No. C 05-03491 JF
ORDER (1) DENYING MOTION TO DISMISS, AND (2) TRANSFERRING TO THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA
(JFLC1)

1  This Order has been served upon the following persons:

2  Dennis M. Cusack            dcusack@fbm.com, adugan@fbm.com; calendar@fbm.com;
                               lwarren@fbm.com
3
   Neil A. Goteiner            ngoteiner@fbm.com, karentsen@fbm.com; calendar@fbm.com
4
   Mark J. Hancock             mark.hancock@sdma.com, steven.wasserman@sdma.com;
5                              marion.tate@sdma.com

6  Leila Narvid               leila.narvid@sdma.com

7  Louise Anne Warren         lwarren@fbm.com, calendar@fbm.com

8  Steven D. Wasserman
   Sedgwick Detert Moran & Arnold
9  One Embarcadero Center
   16th Floor
10 San Francisco, CA 94111-3628

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

Case No. C 05-03491 JF
ORDER (1) DENYING MOTION TO DISMISS, AND (2) TRANSFERRING TO THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA
(JFLC1)

1 legal advice about these matters. *Id.* at 284. It was his view "that he was brought into the matter
2 only for the Hawaii litigation, not for the purpose of evaluating the business." *Id.* He "did not
3 author or cause to be sent the disclosure documents, and his comments upon them were de
4 minimis in the context of the entire transaction." *Id.* at 290.

5       In *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990), in which a Florida law firm
6 represented a California client in a criminal case in Florida, the court did find that defendant
7 attorneys had purposefully availed themselves of the privilege of conducting activities in
8 California. The court held that "[o]ut-of-state legal representation does not establish purposeful
9 availment of the privilege of conducting activities in the forum state, where the law firm is
10 solicited in its home state and takes no affirmative action to promote business within the forum
11 state." *Id.* at 1363. Neither the "normal incidents" of this legal representation, that "the
12 partnership accepted payment from a California bank [and] made phone calls and sent letters to
13 California," nor the three trips that one of the attorneys took to meet with the client in California
14 were enough to establish purposeful availment. *Id.* at 1362-63. However, the court nonetheless
15 concluded that, considered in the context of the attorneys' "entire 'course of dealing,'" the fact
16 that the attorneys secured their payment from the client with a deed of trust that encumbered the
17 client's California home was sufficient to "'invok[e] the benefits and protections' of the laws of
18 California for the purposes of jurisdiction." *Id.* at 1364 (quoting *Burger King v. Rudzewicz*, 471
19 U.S. 462, 475 (1985)).

20       Coupons directs this Court's attention to *Brown v. Watson*, 255 Cal.Rptr. 507 (Cal. Ct.
21 App. 1989), in which the California Court of Appeal determined that Texas attorneys could be
22 subject to personal jurisdiction in California for their representation of California clients in
23 litigation occurring in Texas. The Texas attorneys were associated with California attorneys for
24 the purpose of representing the California clients in Texas. *Id.* at 509. The court noted that
25 jurisdiction in California may arise "when the defendant has caused an effect in the state by an
26 act or omission which occurs elsewhere." *Id.* at 512 (citing *Sipple v. Des Moines Register &
27 Tribune Co.*, 147 Cal.Rptr. 59 (Cal. Ct. App. 1978)). It held that defendant attorneys' omissions
28

7