## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **COUPONS, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-CV-00142-HHK |
| ) | |
| **ELLEN A. EFROS, *et al.*,** ) | |
| ) | |
| Defendants. ) | |

Counterclaim defendant Coupons, Inc. ("Coupons") answers Counterclaim Plaintiffs Ellen A. Efros, Esq., Ronald P. Kananen, Esq. and Rader Fishman & Grauer PLLC's (collectively, "Rader") Counterclaim as follows:

### RESPONSES TO SPECIFIC ALLEGATIONS OF COUNTER-CLAIM

1.      Paragraph 1 contains Rader's jurisdictional allegations, to which no response is required.  To the extent a response is required, Coupons denies the allegations, except to admit that this Court has jurisdiction over the subject matter of the causes of action alleged by Rader.

2.      Coupons admits that it was named as a defendant in the lawsuit entitled *Black Diamond CCT, et al. v. Coupons, Inc.* (the "Black Diamond Litigation") in November of 2002.

3.      Coupons admits that Rader sent an engagement letter to it on or about December 3, 2002.  Coupons also admits that this letter was signed by Ellen Efros.  Coupons denies all other allegations in Paragraph 3, as the terms of the Engagement Letter are set forth in the Engagement Letter.

4.      Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is deemed required, Coupons admits that one of its officers counter-signed the Engagement Letter.

5.      Coupons denies the allegations in Paragraph 5 of the Counterclaim, as the terms of the Engagement Letter are set forth in the Engagement Letter.

6.      Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is deemed required, Coupons denies the allegations set forth in Paragraph 6 as the terms of the Engagement Letter are set for in the Engagement Letter.

7.      Coupons denies the allegations in Paragraph 7 of the Counterclaim, as the terms of the Engagement Letter are set forth in the Engagement Letter.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is deemed required, Coupons denies the allegations set forth in Paragraph 8 as the terms of the Engagement Letter are set for in the Engagement Letter.

9.      Coupons denies the allegations in Paragraph 9 of the Counterclaim, as the terms of the Engagement Letter are set forth in the Engagement Letter.

10.     Coupons admits that it did not always pay the full Rader bill within 30 days of receipt of the Rader invoice.  Coupons denies all other allegations in Paragraph 10 of the Counterclaim.

11.     Coupons admits that Steven Boal had conversations with Ellen Efros and Ronald Kananen throughout Rader's representation of Coupons and that some of those conversations may have addressed billing issues.  Coupons is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Counterclaim, and on that basis denies each of those allegations.

12.     Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is deemed required, Coupons is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Counterclaim, and on that basis denies each of those allegations.

13.     Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is deemed required, Coupons admits that it did not always pay

the full Rader bill within 30 days of receipt of the Rader invoice. Coupons denies all other allegations in Paragraph 13 of the Counterclaim.

14.    Coupons admits that in late 2004 it retained a new law firm to handle the Black Diamond Litigation. Coupons also admits that it asked Ellen Efros to continue to represent it with respect to the Black Diamond Litigation. Coupons is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of the Counterclaim, and on that basis denies each of those allegations.

15.    Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is deemed required, Coupons is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Counterclaim, and on that basis denies each of those allegations.

16.    Coupons denies all allegations in Paragraph 16 of the Counterclaim.

17.    Coupons admits that Rader's work on the Black Diamond Litigation was primarily completed by the end of 2004. Coupons denies all other allegations in Paragraph 17 of the Counterclaim.

18.    Coupons admits that it made small payments to Rader for Rader's disbursements and expenses. Coupons is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of the Counterclaim, and on that basis denies each of those allegations.

19.    Coupons admits that it has not paid Rader for all of the amounts invoiced by Rader. Coupons is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Counterclaim, and on that basis denies each of those allegations.

20.    Coupons denies all allegations in Paragraph 20 of the Counterclaim.

21.    In response to paragraph 21 of the Counterclaim, Coupons reincorporates by reference its answers to Paragraphs 1 through 20 of the Counterclaim.

22.    Paragraph 22 contains legal conclusions to which no response is required.

23.    Coupons denies the allegations set forth in Paragraph 23 as the terms of the Engagement Letter are set for in the Engagement Letter.

24.    Coupons denies the allegations in Paragraph 24 of the Counterclaim.

25.    Coupons denies the allegations in Paragraph 25 of the Counterclaim.

26.    In response to paragraph 26 of the Counterclaim, Coupons reincorporates by reference its answers to Paragraphs 1 through 25 of the Counterclaim.

27.    Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is deemed required, Coupons admits that Rader represented it in the Black Diamond Litigation.  It denies all other allegations in Paragraph 27 of the Counterclaim.

28.    Coupons was aware that it would be required to reimburse Rader for representing it in the Black Diamond Litigation.  Coupons denies all other allegations in Paragraph 28 of the Counterclaim.

29.    Coupons denies the allegations in Paragraph 29 of the Counterclaim.

30.    Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is deemed required, Coupons denies all allegations in Paragraph 30 of the Counterclaim.

31.    Coupons denies the allegations in Paragraph 31 of the Counterclaim.

32.    In response to paragraph 32 of the Counterclaim, Coupons reincorporates by reference its answers to Paragraphs 1 through 31 of the Counterclaim.

33.    Coupons admits that it received invoices from Rader for the work Rader performed in relation to the Black Diamond Litigation.  Coupons denies all other allegations in Paragraph 33 of the Counterclaim.

34.    Paragraph 34 contains legal conclusions for which no response is required. To the extent a response is required, Coupons understood that Rader's invoices were

demands for payment.  Coupons denies all other allegations in Paragraph 34 of the Counterclaim.

35.    Coupons denies the allegations in Paragraph 35 of the Counterclaim.

36.    Paragraph 36 contains legal conclusions for which no response is required. To the extent a response is required, Coupons denies the allegations in Paragraph 36 of the Counterclaim.

37.    Coupons denies the allegations in Paragraph 37 of the Counterclaim.

38.    Coupons denies the allegations in Paragraph 38 of the Counterclaim.

39.    In response to paragraph 39 of the Counterclaim, Coupons reincorporates by reference its answers to Paragraphs 1 through 38 of the Counterclaim.

40.    Coupons denies the allegations in Paragraph 40 of the Counterclaim.

41.    Paragraph 41 contains legal conclusions for which no response is required. To the extent a response is required, Coupons denies the allegations in Paragraph 41 of the Counterclaim.

42.    Coupons denies the allegations in Paragraph 42 of the Counterclaim.

43.    Coupons denies the allegations in Paragraph 43 of the Counterclaim.

44.    Paragraph 44 contains legal conclusions for which no response is required. To the extent a response is required, Coupons denies the allegations in Paragraph 44 of the Counterclaim.

45.    Coupons denies the allegations in Paragraph 45 of the Counterclaim.

46.    In response to paragraph 46 of the Counterclaim, Coupons reincorporates by reference its answers to Paragraphs 1 through 45 of the Counterclaim.

47.    Coupons denies the allegations in Paragraph 47 of the Counterclaim.

48.    Coupons denies the allegations in Paragraph 48 of the Counterclaim.

49.    Coupons is informed and believes that Ronald Kananen knew that Coupons was forwarding to Indian Harbor the search and opinion letter he wrote for Coupons, dated August 7, 2001, for the purpose of procuring insurance coverage, and

that this letter was related to another August 7, 2001 letter that Kananen wrote to Coupons' insurance broker, also for the purpose of procuring insurance coverage. Coupons denies all other allegations in Paragraph 49 of the Counterclaim.

50.    Coupons denies the allegations in Paragraph 50 of the Counterclaim.

51.    Paragraph 51 contains legal conclusions for which no response is required. To the extent a response is required, Coupons denies the allegations in Paragraph 51 of the Counterclaim.

52.    Paragraph 52 contains legal conclusions for which no response is required. To the extent a response is required, Coupons denies the allegations in Paragraph 52 of the Counterclaim.

## COUPONS' AFFIRMATIVE DEFENSES

### FIRST DEFENSE

#### (Failure to State a Claim)

The Counterclaim and each claim contained therein fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

#### (Statute of Limitations)

The Counterclaim and each claim contained therein are barred by the applicable statutes of limitations.

### THIRD DEFENSE

#### (Laches)

The Counterclaim and each claim for relief contained therein are barred by the doctrine of laches.

### FOURTH DEFENSE

#### (Waiver)

The Counterclaim and each claim for relief contained therein are barred by the doctrine of waiver.

## FIFTH DEFENSE

### (Estoppel)

The Counterclaim and each claim for relief contained therein are barred by the doctrine of estoppel.

## SIXTH DEFENSE

### (Unclean Hands)

The Counterclaim and each claim for relief contained therein are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

### (Excuse of Performance)

By Rader's conduct and actions relating to each of the alleged claims for relief, including, but not limited to, Rader's malpractice, Coupons has been excused from performance.

WHEREFORE, Coupons prays for judgment as follows:

1.    That Rader take nothing by its Counterclaim;

2.    That the Counterclaim and each cause of action stated in it be dismissed with prejudice;

3.    That Coupons recover their costs of suit herein, including reasonable attorneys' fees; and

4.    That the Court grant such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable in this action.

Date:  April 3, 2006                           Respectfully submitted,


                                               _____/s/_____
                                               Daniel E. Farrington (#471403)
                                               The Farrington Law Firm, LLC
                                               4550 Montgomery Avenue
                                               Suite 775 North
                                               Bethesda, MD 20814
                                               (301) 951-1538 (Tel.)
                                               (301) 951-1544 (Fax)



                                               Neil A. Goteiner (motion to appear *pro hac
                                                  vice* pending)
                                               Farella, Braun & Martel, LLP
                                               235 Montgomery St.
                                               San Francisco, CA 94104
                                               (415) 954-4400 (Tel.)
                                               (415) 954 4480 (Fax)