THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUPONS, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>ELLEN A. EFROS, ESQ.; RONALD P. KANANEN, ESQ.; RADER, FISHMAN & GRAUER, PLLC; and DOES 1-20,<br><br>       Defendants. | Case No. 1:06-CV-00142 HHK |
| RADER, FISHMAN & GRAUER, PLLC,<br><br>       Counter-Claimant,<br><br>v.<br><br>COUPONS, INC.,<br><br>       Counter-Defendant. | |
| INDIAN HARBOR INSURANCE COMPANY,<br><br>       Plaintiff in Intervention,<br><br>v.<br><br>COUPONS, INC.; ELLEN A. EFROS, ESQ.; RONALD P. KANANEN, ESQ.; RADER, FISHMAN & GRAUER, PLLC; and DOES 1-20,<br><br>       Defendants in Intervention. | |

## COMPLAINT IN INTERVENTION

COMES NOW plaintiff in intervention Indian Harbor Insurance Company ("Indian Harbor"), by and through its attorneys, and for its Complaint in Intervention, states as follows:

## PARTIES

1. Indian Harbor is a corporation created and existing under the laws of the State of North Dakota, with its principal place of business in Stamford, Connecticut.

2. Upon information and belief, plaintiff, counter-defendant, and defendant-in-intervention Coupons, Inc. ("Coupons") is a corporation created and existing under the laws of the State of California with its principal place of business in Mountain View, California.

3. Upon information and belief, defendant, counter-claimant, and defendant-in-intervention Rader, Fishman & Grauer, PLLC (the "Rader Firm") is a law firm and a private limited liability company registered in the State of Michigan, with its principal place of business in Bloomfield Hills, Michigan.

4. Upon information and belief, defendant and defendant-in-intervention Ellen A. Efros ("Efros") is a natural person who resides in Washington, D.C. Upon information and belief, Efros is an attorney at law and a former member of the Rader Firm.

5. Upon information and belief, defendant and defendant-in-intervention Ronald P. Kananen ("Kananen") is a natural person who resides in the State of Virginia. Upon information and belief, Kananen is an attorney at law and a member of the Rader Firm.

## JURISDICTION

6. Indian Harbor brings this intervention action under Federal Rule of Civil Procedure 24. Jurisdiction is proper in this Court under 28 U.S.C. section 1332 because, as alleged more fully below, there is complete diversity between the citizenship of Indian Harbor and the citizenship of the defendants in intervention and the amount in controversy, excluding interest and costs, exceeds $75,000.00.

7. Jurisdiction is proper in this Court under 28 U.S.C. section 1367(a) because the claims of Indian Harbor are so related to claims in the action between the defendants in

intervention that they form part of the same case or controversy under Article III of the United States Constitution.

## BACKGROUND ALLEGATIONS

8. Indian Harbor issued to Coupons a specialized claims-made and reported Intellectual Property Infringement Defense Cost Reimbursement Policy (the "Policy"). A copy of the Policy is attached hereto as Exhibit "A" and fully incorporated herein by reference.

9. Thereafter, Coupons was sued in the action entitled *Black Diamond v. Coupons, Inc.*, United States District Court for the District of Maryland, Case No. L02CV3701 (the "Black Diamond Litigation").

10. Indian Harbor declined to reimburse Coupons for the defense and settlement of the Black Diamond Litigation for reasons including that: (1) Coupons' untimely CLAIM[1] submission barred coverage for the Black Diamond Litigation; and (2) Coupons' (or its agents') knowledge of the patents-in-suit prior to the effective date of the Policy barred coverage for the Black Diamond Litigation under Exclusion 9 in the Policy.

11. Coupons then submitted a Demand For Arbitration against Indian Harbor with the American Arbitration Association asserting claims for declaratory relief, breach of contract, and "bad faith" (the "Arbitration"). The hearing in the Arbitration is set for July 17 through July 26, 2006.

12. On July 26, 2005, Coupons initiated this action in the Superior Court of the State of California for the County of Santa Clara against its former counsel, the Rader Firm, Efros, and Kananen (the "Defendants"), for legal malpractice (the "Malpractice Action"). In the complaint, Coupons alleged that the Defendants: (1) failed to disclose patents material to Coupons' application for and renewal of the Policy; (2) failed to advise Coupons concerning the timely

---

[1] The term "CLAIM" in capital letters refers to a defined term in the Policy.

submission of a CLAIM to Indian Harbor; and (3) asserted a defense that caused Coupons to pay more to settle the Black Diamond Litigation. Indian Harbor first learned that Coupons filed the Malpractice Action in late December 2005.

13. The Malpractice Action was removed to the United States District Court for the Northern District of California and was subsequently transferred, on January 5, 2006, to this Court.

14. On February 23, 2006, the Defendants filed an Answer that admits certain of the allegations in the Malpractice Action, including that: (1) the Rader Firm "found 'at least one of the patents that was later the subject of the Black Diamond Litigation'"; (2) Efros began preparing a claim form, but then Mr. Boal of Coupons "expressed his belief that the cost of defending the Black Diamond Lawsuit would not exceed the $500,000 retention"; and (3) "based, in part, on that consideration, Coupons instructed Defendants not to submit a claim form."

15. Along with its Answer in the Malpractice Action, the Rader Firm brought a Counterclaim against Coupons asserting counts for breach of contract, quantum meruit, accounts stated, fraud, and bad-faith litigation. Those counts rely principally on the core allegation that, despite repeated representations to the contrary, Coupons failed to pay defendants the $392,551.85 outstanding in attorneys' fees owed to the Rader Firm (for which Coupons allegedly seeks reimbursement in the Arbitration).

16. Additionally, in its count for bad-faith litigation, the Rader Firm asserts that certain of the allegations in the Malpractice Action are false and cannot be proven without perjured testimony or falsified evidence. In particular, the allegations that the Rader Firm asserts are "false and/or without factual basis" include:

      (a)    "The allegation, contained in the introductory paragraph, that 'neither Efros nor any other attorney at Rader advised Coupons that Coupons' failure to timely submit an official claim form to Indian Harbor could result in loss of insurance coverage for the patent infringement lawsuit that E-Centives, Inc. had filed against Coupons'"; and

      (b)    "The allegation, contained in Paragraph 14, that December 12, 2003 was 'Coupons' first indication that there might have been a deadline for submitting its Claim Form.'"

17.    In furtherance of its defense to the Arbitration, Indian Harbor has attempted to obtain discovery concerning the allegations in the pleadings in the Malpractice Action and, specifically, in Defendants' Answer and the Counterclaim. However, Defendants have refused to cooperate with any discovery sought in the Arbitration. Absent its participation in this suit, Indian Harbor will have no other means to obtain discovery from Defendants.

## RIGHT TO INTERVENTION

18.    Indian Harbor re-alleges and incorporates by reference all of the preceding allegations as though set forth fully herein.

19.    Indian Harbor is entitled to intervene in the Malpractice action as a matter of right under Federal Rule of Civil Procedure 24(a).

20.    Indian Harbor has a legally protected interest in the Malpractice Action and the Counterclaim filed therein. Indian Harbor's interest is sufficient to grant it standing under Article III of the United States Constitution.

21.    The pleadings in the Malpractice Action raise legal and factual issues that relate to the Arbitration between Indian Harbor and Coupons, including:

      (a)    Whether Coupons' untimely CLAIM submission bars coverage for the Black Diamond Litigation;

    (b) Whether Coupons' (or its agents') knowledge of the patents-in-suit prior to the effective date of the Policy bars coverage for the Black Diamond Litigation under Exclusion 9 in the Policy; and

    (c) Whether Indian Harbor must reimburse Coupons for:

      (1) the attorneys' fees Coupons allegedly did not and, depending on the outcome of the Malpractice Action, may never, pay; and

      (2) the amounts in excess of a reasonable settlement demand that Coupons paid because of the Rader Firm's alleged malpractice.

  22. The adjudication of these issues, or any one of them, would greatly affect Indian Harbor's interests in the Arbitration. Such an adjudication might even resolve substantial portions, if not the entirety, of the pending dispute between Coupons and Indian Harbor. Also, in discovery in the Malpractice Action, the parties to that action likely will develop evidence that implicates the issues listed in paragraph 21 above. That evidence relates to the claims made by Coupons in the Arbitration and Indian Harbor's defense to those claims. The amount in controversy in the Arbitration greatly exceeds $75,000.00, as Coupons is claiming millions of dollars in damages.

  23. Indian Harbor has timely sought to intervene in the Malpractice Action to protect its interests therein. Indian Harbor first learned that Coupons filed the Malpractice Action in late December 2005. The Defendants did not file their Answer and Counterclaim – which alerted Indian Harbor to the importance of the Malpractice Action – until February 23, 2006.

  24. Indian Harbor is so situated that the disposition of the Malpractice Action may, as a practical matter, impair or impede its ability to protect its interests as alleged above. Absent intervention in the Malpractice Action, Indian Harbor will have no means to participate in an

adjudication of issues that might implicate the claims in the Arbitration, or to participate in discovery in the Malpractice Action that would be relevant to those issues.

25. Indian Harbor's interests are not adequately represented by the existing parties to the Malpractice Action. The stakes of the parties to the Malpractice Action differ from that of Indian Harbor. Among other things, an award in Coupons' favor in the Arbitration would potentially eliminate portions of the damages that Coupons seeks in the Malpractice Action and fund the settlement of the Rader Firm's counterclaim for breach of contract. Also, Coupons and/or the Defendants may make different arguments than would Indian Harbor, and Indian Harbor will offer necessary elements to the proceedings in the Malpractice Action that the parties thereto may neglect. In particular, to prevail on its claims in the Malpractice Action, Coupons need not necessarily establish each of the allegations in its complaint that would be material to Indian Harbor's interests in the Arbitration, including the extent of Defendants' knowledge of the patents-in-suit. Similarly, Defendants need not necessarily establish the date they advised Coupons of the deadline for filing a Claim Form under the Policy to defend against that Claim.

## **PERMISSIVE INTERVENTION**

26. Indian Harbor re-alleges and incorporates by reference all of the preceding allegations as though set forth fully herein.

27. Indian Harbor should be permitted to intervene in the Malpractice Action under Federal Rule of Civil Procedure 24(b)

28. Indian Harbor's claims and defenses relate to questions of fact and law in the Malpractice Action.

29. Intervention will not unduly delay or prejudice the adjudication of the rights of the original parties to the Malpractice Action. The Defendants only recently filed their Answer

and Counterclaim, on February 23, 2006, and Coupons filed its Answer to the Counterclaim on April 3, 2006.

WHEREFORE, plaintiff in intervention Indian Harbor prays for relief as follows:

1. For an order allowing Indian Harbor to intervene in the Malpractice Action and participate in pre-trial discovery in the Malpractice Action, either in full or as limited to the issues set forth in paragraph 21 above; and

2. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

Date:

By  /s/ Kirk R. Ruthenberg
Kirk R. Ruthenberg #415520
1301 K Street, N.W.
Washington, D. C. 20005
(202) 408-6400
(202) 408-6399 (facsimile)
kruthenberg@sonnenschein.com

Attorneys for Plaintiff in Intervention
Indian Harbor Insurance Company

Of Counsel:
Sonnenschein Nath & Rosenthal LLP
Donald M. Carley
Peter R. Soares
685 Market Street, 6th Floor
San Francisco, CA 94105
(415) 882-5000
(415) 543-5472 (facsimile)

27233580