Defendants' Opposition to

Indian Harbor's Motion to Intervene

# Exhibit C

*Coupons v. Efros, et al.*, Case No. 1:06-CV-00142 HHK

```
*******************************
***   MULTI TX/RX REPORT    ***
*******************************

TX/RX NO            1619
PGS.                4
TX/RX INCOMPLETE
                    -----
TRANSACTION OK
                    (1)   *9001#3#132625#5435472#
                    (2)   6932222#

ERROR INFORMATION
                    -----
```



# SEDGWICK
### DETERT, MORAN & ARNOLD LLP

One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
tel: 415.781.7900 fax: 415.781.2635

### Facsimile Transmittal Sheet

DATE: JANUARY 23, 2006

TIME:

NUMBER OF PAGES: (including cover page) 4

IF ANY PORTION OF THE FOLLOWING DOCUMENT IS ILLEGIBLE OR MISSING, PLEASE CALL OUR FAX CENTER AT (415) 781-7900 EXTENSION 2162 AS SOON AS POSSIBLE.

## TO:

| Name | Company | Telephone | Facsimile |
|---|---|---|---|
| Peter R. Soares | Sonnenschein Nath | 415-882-5000 | 415-543-5472 |
| Paul A. Renne | Cooley Godward | 415-693-2000 | 415-693-2222 |

## FROM:

| | | | |
|---|---|---|---|
| Name: | Mark J. Hancock, Esq. | Fax Back Number: | (415) 781-2635 |
| Office: | San Francisco | Our File No.: | 0003-132625 |

## MESSAGE: COUPONS, INC.

Please see attached.



One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
tel: 415.781.7900 fax: 415.781.2635

**Facsimile Transmittal Sheet**

DATE: JANUARY 23, 2006

TIME:

NUMBER OF PAGES: (including cover page) 4

IF ANY PORTION OF THE FOLLOWING DOCUMENT IS ILLEGIBLE OR MISSING, PLEASE CALL OUR FAX CENTER AT (415) 781-7900 EXTENSION 2162 AS SOON AS POSSIBLE.

## TO:

| Name | Company | Telephone | Facsimile |
|---|---|---|---|
| Peter R. Soares | Sonnenschein Nath | 415-882-5000 | 415-543-5472 |
| Paul A. Renne | Cooley Godward | 415-693-2000 | 415-693-2222 |

## FROM:

Name:    Mark J. Hancock, Esq.           Fax Back Number:   (415) 781-2635

Office:   San Francisco                  Our File No.:      0003-132625

MESSAGE: COUPONS, INC.

Please see attached.

---

**PRIVILEGE AND CONFIDENTIALITY NOTICE**

The information contained in this facsimile message is attorney privileged and confidential information intended only for the person or entity named above. If you are not the intended recipient (or someone responsible to deliver to the intended recipient), please be aware that any dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone immediately at (415) 781-7900 and return the original message to us at the address above via the U. S. Postal Service. Thank you.

New York  ▪  London  ▪  San Francisco  ▪  Zurich  ▪  Los Angeles  ▪  Paris  ▪  Newark  ▪  Irvine  ▪  Chicago  ▪  Dallas

SF/1311461v1



**SEDGWICK**
**DETERT, MORAN & ARNOLD**LLP

One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Tel: 415.781.7900  Fax: 415.781.2635

January 23, 2006

**VIA FACSIMILE**
Peter R. Soares
Sonnenschein Nath et al
685 Market Street, 6th Floor
San Francisco, CA 94105-4207

Re: Arbitration Involving Coupons, Inc. and Indian Harbor Insurance Company
Our File No. 0003-132625

Dear Mr. Soares:

On Friday, January 20, you contacted me by telephone to discuss your subpoena to the Rader firm/Mr. Kananen. You did not disagree with the points made in my letter to you dated January 13, 2006 about your subpoena being invalid and unenforceable under California law. Rather, you asserted that the subpoena was enforceable under section 7 of the Federal Arbitration Act ("FAA"; 9 U.S.C. § 7). I have reviewed the FAA section you cited and disagree with your assertion that it provides Indian Harbor with a means of enforcing the subpoena.

First, the subpoena issued by your arbitrator was not issued under the FAA. Rather, the subpoena states on its face that your arbitrator is "acting under the arbitration law of this state." Moreover, the subpoena begins by stating that it is "From the People of the State of California." Clearly, it was issued under state law and not under the FAA. Accordingly, it is not enforceable under the FAA.

Second, no District Court has jurisdiction to compel Mr. Kananen, a non-party Virginia resident, to appear for a hearing for an arbitration sitting within the boundaries of the Northern District of California. 9 U.S.C. § 7 provides as follows:

> The arbitrators selected either as prescribed in this title [9 USCS §§ 1 et seq.] or otherwise, or a majority of them, may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case. The fees for such

Peter R. Soares
Re: Arbitration Involving Coupons, Inc. and Indian Harbor Insurance Company
January 23, 2006
Page 2

> attendance shall be the same as the fees of witnesses before masters of the United States courts. Said summons shall issue in the name of the arbitrator or arbitrators, or a majority of them, and shall be signed by the arbitrators, or a majority of them, and shall be directed to the said person and shall be served in the same manner as subpoenas to appear and testify before the court; if any person or persons so summoned to testify shall refuse or neglect to obey said summons, upon ***petition the United States district court for the district in which such arbitrators, or a majority of them, are sitting*** may compel the attendance of such person or persons before said arbitrator or arbitrators, or punish said person or persons for contempt ***in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States***.

Rule 45 of the Federal Rules of Civil Procedure governs the issuance and service of subpoenas in Federal District Court. It places geographical limits on the area where an enforceable subpoena may be served. Rule 45(b)(2) provides:

> a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the . . . hearing . . . specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the . . . hearing, . . . specified in the subpoena.

Thus, a federal district court has no jurisdiction to compel compliance with an arbitral order or subpoena served on a person (party or non-party) who resides outside of the forum of the arbitration, or at least more than 100 miles from the place of the hearing. Your hearing is scheduled to take place in San Francisco.

Third, the subpoena is not enforceable as a deposition subpoena under the FAA. You indicated on the telephone that you would like Mr. Kananen to appear for a pre-hearing deposition. This is not what the subpoena says. Further, neither the AAA rules (to which Mr. Kananen is not subject) nor section 7 of the FAA provide for the taking of non-party oral depositions. In addition, any deposition subpoena issued in your arbitration would necessarily be from an arbitration sitting within the Northern District of California, and the District Court would not have the power to enforce it against a Virginia resident. See Rule 45 and *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993), cert denied, 510 U.S. 1073 (1994) (stating that "a federal court sitting in one

SF/1312883v1

Peter R. Soares
Re: Arbitration Involving Coupons, Inc. and Indian Harbor Insurance Company
January 23, 2006
Page 3

district cannot issue a subpoena duces tecum to a non-party for the production of documents located in another district"). Finally, it is unduly burdensome for Indian Harbor to be attempting to require Mr. Kananen to submit to a deposition. He never bargained for or voluntarily agreed to participate in your arbitration.

In addition to the objections to the subpoena discussed above and in our prior correspondence to you, we raise these additional objections to your subpoena:

1. The subpoena improperly calls for the production of documents that are subject to the attorney-client privilege.

2. The subpoena is unduly burdensome in that it requires the recipient to appear in San Francisco, California.

3. The categories of documents requested in the subpoena are vague and ambiguous, and overbroad and unduly burdensome.

In conclusion, this is not a subpoena with which Mr. Kananen or the Rader firm is obligated to comply. Please withdraw it **Thursday, January 26**. By copy of this letter to Mr. Renne, we also repeat our request that he withdraw this improperly-issued subpoena.

If the subpoena is not withdrawn, and should we deem it necessary to commence legal proceedings to have it quashed, we will seek to recover the attorney's fees we have expended, and will expend, in responding to this improper subpoena.

Very truly yours,

Mark J. Hancock
Sedgwick, Detert, Moran & Arnold LLP

cc:   Paul A. Renne (via facsimile)

SF/1312883v1