Defendants' Opposition to

Indian Harbor's Motion to Intervene

# Exhibit D

*Coupons v. Efros, et al.*, Case No. 1:06-CV-00142 HHK

Jan-24-06  06:22pm   From-SONNENSCHEIN NATH ROSENTHAL         4155435472         T-978  P.01/04  F-266



# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL

685 Market Street
6th Floor
San Francisco, CA 94105
415 882.5000
415.43 5472 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
St. Louis
Washington, D.C.

**Facsimile Transmittal Sheet**

DATE•   January 24, 2006

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME•   Mark J. Hancock

FIRM•   SEDGWICK, DETERT, MORAN & ARNOLD PPL

PHONE•  (415) 781-7900

FAX•    (415) 781-2635

CLIENT/MATTER•  40023080-0001

FROM•   Katherine Carr James, Secretary to Peter R. Soares

TOTAL NUMBER OF PAGES TRANSMITTED, INCLUDING THIS SHEET:  4

MESSAGE•  Attached please find correspondence pertaining to the matter of *Coupons, Inc. v Indian Harbor Ins. Co.*

**CONFIDENTIALITY NOTE**

The documents accompanying this facsimile transmission and the Facsimile Transmission Sheet contain information from the law firm of Sonnenschein Nath & Rosenthal which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this transmission sheet. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this facsimiled information is prohibited. If you have received this facsimile in error, please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES ABOVE, PLEASE CALL 415.882.5000 AS SOON AS POSSIBLE

SN&R FACSIMILE DEPARTMENT USE ONLY.

TRANSMISSION COMPLETED AT:          DOCUMENT TRANSMITTED BY.

Jan-24-06  06:22pm  From-SONNENSCHEIN NATH ROSENTHAL         4155435472         T-978   P.02/04   F-266



**Sonnenschein**
SONNENSCHEIN NATH & ROSENTHAL LLP

685 Market Street
6th Floor
San Francisco, CA 94105-4207
415.882.5000
415.543.5472 fax
www.sonnenschein.com

Chicago
Kansas City
Los Angeles
New York
San Francisco
Short Hills, N.J.
St. Louis
Washington, D.C.
West Palm Beach

Donald M. Carley
415.882.5003
dcarley@sonnenschein.com

January 24, 2006

<u>**VIA FACSIMILE AND U.S. MAIL**</u>

Mark J. Hancock
Sedgwick, Detert, Moran & Arnold LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

  Re: *Coupons, Inc. v. Indian Harbor Insurance Company*
     **American Arbitration Association Case No. 74133Y01022 04**

Dear Mr. Hancock:

  This letter will respond to your letter dated January 23, 2006. We appreciate your concern with presenting Mr. Kananen for deposition in the above-referenced arbitration proceeding in light of Coupons' pending malpractice lawsuit. We disagree, however, with your contention that 9 U.S.C. section 7 and Federal Rule of Civil Procedure 45 do not confer jurisdiction on a district court to compel Mr. Kananen to appear for his deposition in the above-referenced matter because he is a non-party Virginia resident.

  Section 7 of the FAA confers upon arbitrators the power to summon a non-party to appear "before them ... as a witness" and the power to require the production of documents in connection with the appearance of the witness. Courts have construed Section 7 as authorizing subpoenas for the production of documents, as well as deposition subpoenas, *prior* to the hearing. *See, e.g., Stanton v. Paine Webber Jackson & Curtis, Inc.*, 685 F. Supp. 1241, 1242 (S.D. Fla. 1988); *Amgen, Inc. v. Kidney Center of Delaware County, Ltd.*, 885 F. Supp. 878, 882 (N.D. Ill. 1995). The Federal Arbitration Act ("FAA") applies to the arbitration of any actions involving interstate commerce. 9 U.S.C. section 2.



# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

Mark J. Hancock
January 24, 2006
Page 2

This matter relates to the question of whether an insurance policy purchased by Coupons, Inc., a California corporation, from Indian Harbor Insurance Company, a North Dakota corporation with its principal place of business in Stamford, Connecticut, covers a patent infringement suit filed against Coupons in the United States District Court for the District of Maryland. Accordingly, we believe the FAA applies and confers on the Arbitrator the power to issue a deposition subpoena.

Indeed, because of concerns such as the ones you have raised, one federal court has outlined a three-step procedure to enforce a deposition subpoena served in an arbitration beyond the geographical limitations of Rule 45: (1) the party seeking enforcement of the subpoena begins a proceeding to compel in the district court of the district where the arbitrator sits; (2) the court directs the party's counsel to issue a subpoena to the non-party; and (3) the party seeks enforcement from the district court located in the jurisdiction where compliance is sought. *Amgen*, 885 F. Supp. at 883. Even if the district court declined to enforce the subpoena, the parties would still have different alternatives available to them to compel Mr. Kananen's appearance at his deposition and/or the arbitration hearing including temporarily moving the arbitration to the jurisdiction where he resides.

Mr. Kananen was retained by Coupons to provide an opinion letter for the express purpose of securing patent defense insurance coverage, and wrote a second opinion letter in order to enable Coupons to secure renewal coverage. For this reason, among many others, Mr. Kananen possesses information that is highly relevant for purposes of this arbitration proceeding.

As you know, the parties have agreed to participate in a mediation before Judge Fannin on February 9, 2006 involving Coupons, Coupons' insurance brokers, and Indian Harbor. While it is impossible to predict whether the mediation will resolve the parties' dispute, we are willing to withdraw the subpoena served on Mr. Kananen in light of the pending mediation. If the mediation fails, we anticipate that we will need to serve a new deposition subpoena on Mr. Kananen and we expressly reserve the right to do so. In that case, as Peter Soares stressed during the January 20, 2006 telephone conference, we are willing to consider any proposals by you including any accommodations required by Mr. Kananen to insure that the deposition goes forward at a time and place that is most convenient for him. We would hope that if it becomes necessary to depose Mr. Kananen in the future that you will work with us in order to informally resolve any outstanding issues that relate to his deposition. If not, we are quite willing to litigate this issue in order to compel his testimony.



# Sonnenschein
SONNENSCHEIN NATH & ROSENTHAL LLP

Mark J. Hancock
January 24, 2006
Page 3

If you have any questions concerning the above, please do not hesitate to call me or Mr. Soares.

Very truly yours,

SONNENSCHEIN NATH & ROSENTHAL LLP

Donald M. Carley

27215375

