**American Arbitration Association**
*Dispute Resolution Services Worldwide*

**FAX** 0003475

Western Case Management Center
6795 N. Palm Ave, 2nd Floor, Fresno, CA 93704
Telephone: 559 490 1900
Facsimile: 559 490 1919
Toll Free: 877-528-0880

## FAX COVER SHEET

| | |
|---|---|
| DATE: | Friday, May 13, 2005 |
| TO: | Neil A. Goteiner |
| FAX NO.: | 415-954-4480 |
| | Donald M. Carley |
| | 415-543-5472 |
| | Paul A. Renne |
| | 415-951-3699 |
| FROM: | Deizha Arellano |
| FAX NO.: | 559-490-1919 |
| TOTAL PAGES: | 5 |
| RE: | 74 133 01022 04 DEAR |
| | Coupons |
| | vs. |
| | Indian Harbor Insurance Company |
| | Arbitrator's Order Dated 4/28/05 |

This fax transmission is intended only for the use of the person to whom it is addressed. It may contain information that is confidential, privileged, or otherwise exempt from disclosure. If you are not the intended recipient or the person authorized to deliver this fax to the intended recipient, You are hereby notified that any dissemination of this fax is prohibited. If you have received this fax in error, please notify us immediately by telephone (collect) and return the original fax to us by first class mail at the above address.



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Western Case Management Center
John M. Bishop
Vice President

Jeffrey Garcia
Assistant Vice President

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

May 13, 2005

**Via Facsimile**

Neil A. Goteiner, Esq.
Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104

Mr. Donald M. Carley, Esq.
Sonnenshein, Nath & Rosenthal
685 Market St., 6th Fl.
San Francisco, CA 94105

Re: 74 133 Y 01022 04 DEAR
    Coupons, Inc.
    VS
    Indian Harbor Insurance Company

Dear Parties:

By direction of the Arbitrator we herewith transmit to you the duly executed Order in the above matter.

Sincerely,

Deizha R. Arellano
Case Manager
559 490 1909
Arellanod@adr.org

Geneva O'day
Team Leader
559 490 1922
odayg@adr.org

Enclosure:
Order Re Summary Adjudication Dated April 28, 2005

cc: Paul A. Renne

1  PAUL A. RENNE (36133) (rennepa@cooley.com)
   One Maritime Plaza, 20th Floor
2  San Francisco, CA 94111-3580
   Telephone:  (415) 693-2000
3  Facsimile:  (415) 951-3699

4
5
6
7
8                    AMERICAN ARBITRATION ASSOCIATION
9                              SAN FRANCISCO
10

11  Coupons, Inc.,                          No. 74133Y01022 04

12           Claimant,                      **ORDER RE SUMMARY ADJUDICATION**

13       v.

14  Indian Harbor Insurance Company,

15           Respondent.

16

17       The parties, Coupons, Inc. ("Coupons") and Indian Harbor Insurance Company ("Indian

18  Harbor") have submitted cross-motions for summary adjudication of the following issue:

19       [W]hether or not Coupons is barred from seeking recovery under Indian Harbor's
         Policy No. IPI 1990153-D02, by reason of Coupons' failure to file within the
20       policy period a properly completed and executed 'Infringement Defense Claim'
         form.
21

22       After reviewing the agreed statement of undisputed facts; Coupons' additional statement

23  of undisputed facts; the memoranda in support of their respective motions as well as opposition

24  papers, and after considering the arguments by counsel representing Coupons, Mr. Dennis M.

25  Cusack, and counsel representing Indian Harbor, Mr. Donald M. Carley, it is the decision of the

26  Arbitrator that both motions should be DENIED at this time. I will briefly set forth the basis for

27  my decision to assist the parties in addressing this issue, to the extent they wish to in future

28  proceedings.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

947924 v1/SF                              1.
                              ORDER RE SUMMARY ADJUDICATION

1    (1)    In reviewing the Indian Harbor Policy No. IPI 1990153-DO2 ("the Policy") and its predecessor policy, I can find no language that clearly advises the insured of the requirement that the Infringement Defense Claim form must be filed within the policy period as a condition precedent to having litigation determined to be COVERED LITIGATION. The only specific reference to the event that must occur within the policy period is the commencement of litigation for which the insured seeks reimbursement. While it is true that the language in paragraph 6 of the warranty and representation page makes reference to CLAIMS reported during the policy period, that language is nowhere incorporated into the body of the Policy even though it would have been relatively easy to do so. In fact, the first page of the Policy (IN 000039) only makes reference to the time of the "commencement of the civil proceedings" as necessary to fall within the Policy period. To adopt Indian Harbor's interpretation that both the litigation and the filing of the Infringement Defense Claim form must occur within the policy period would result in an insured who became aware of the commencement of civil proceedings on the last day of the relevant policy period having no coverage. However, I am not making any determination as to whether or not filing the Infringement Defense Claim form approximately fourteen (14) months after the commencement of the litigation and more than twelve (12) months after Coupons was aware of the litigation constituted reasonable compliance with the Policy or provides a basis for Indian Harbor to claim it was prejudiced thereby.

(2)    In connection with the renewal of the Policy, Endorsement No. IPI-DEF 843-15 was attached to the new policy. (IN000059) An identical endorsement had been attached to the Policy. Paragraph 4 of both the earlier endorsement and the endorsement attached to the 2003 renewal clearly and unambiguously advised Coupons that:

> All rights to make a CLAIM under the previous Policy shall terminate as of the termination date of said previous Policy and the Company will not accept any such CLAIM submitted to it thereafter.

Whatever deficiencies may have existed in the Policy as to when the Infringement Claim form had to be filed were cured by the language of that endorsement. The difficulty I have in finding that this language is sufficient to grant summary adjudication to Indian Harbor on this record is twofold. First, the effective date of the endorsement is August 10, 2003, the same day on which

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO
947924 v1/SF                                       2.
ORDER RE SUMMARY ADJUDICATION

RECEIVED TIME   APR. 29.  11:09AM            PRINT TIME   APR. 29.  11:11AM

the renewal policy became effective; thus, this notice gave Coupons no time to cure before it became effective. Second, the heading of the endorsement reads: THIS ENDORSEMENT CHANGES *THE POLICY*. There is nothing in that heading to alert the insured that one of the paragraphs, paragraph 4, changes the terms of the prior policy. I recognize that Indian Harbor argues that paragraph 4 did not change the requirements of the prior policy; however, if that were true it would seem that there was no need for the paragraph, at least not in a document speaking of *changes* in the policy. Third, there is nothing in the record to reflect that Coupons, or anyone acting on Coupons behalf, ever saw or discussed the terms of paragraph 4 of the endorsement prior to August 10, 2003. It may well be that the policy, with endorsements attached was not delivered to Coupons, or anyone acting on its behalf, until long after August 10, 2003. While it is true that this same language was in the earlier endorsement which presumably was in Coupons' possession well in advance of August, 2003, there is nothing in the record that this particular change was called to Coupons' attention during that time period. Certainly, there was nothing that would have made that paragraph of any importance to Coupon when renewing in 2002.

Accordingly, Coupons' Motion for Summary Adjudication of the Late Claim Issue is DENIED. Indian Harbor's Motion for Summary Adjudication of the Late Claim Issue is DENIED.

Dated: April 28, 2005

By: _____
Paul A. Renne
Arbitrator