THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUPONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELLEN A. EFROS, *et al.*, <br><br> Defendants. | Case No. 1:06-CV-00142-HHK |

## LOCAL CIVIL RULE 16.3 REPORT

Pursuant to L. Cv. R. 16.3 and Fed. R. Civ. P. 26(f), plaintiff/counterclaim-defendant Coupons, Inc. ("Coupons"), and defendants/counterclaim-plaintiffs Ellen A. Efros, Ronald P. Kananen and Rader, Fishman & Grauer, PLLC ("Defendants"), hereby respectfully submit this report.

## INTRODUCTORY STATEMENT

This action involves a claim for attorney malpractice and counterclaims for unpaid attorney's fees, fraud and bad faith litigation. It arises out of a patent infringement lawsuit filed against Coupons known as the "Black Diamond lawsuit." The law firm of Rader, Fishman & Grauer, PLLC ("Rader") had previously represented Coupons on patent matters, and Coupons hired Rader to defend it in the Black Diamond lawsuit. Defendants Efros and Kananen are, respectively, a former partner and current partner with Rader, both of whom were involved in the representation of Coupons. Coupons alleges that Defendants were negligent in providing advice on patent matters leading up to the Black Diamond lawsuit, in handling the lawsuit, and in handling the submission of the Black Diamond lawsuit to Coupons' patent infringement liability insurer.

Coupons arbitrated the coverage dispute with its insurer, resulting in a settlement.

1

19082\1052491.1
19082\1072734.1

A separate malpractice action against Coupons' insurance broker is pending in California state court.

Defendants deny the allegations of negligence against them and assert that they fully performed their duties to Coupons on all matters alleged in the complaint. Defendant Rader has filed counterclaims against Coupons alleging that Coupons failed to pay Rader $392,551.85 for fees and expenses incurred by Rader in representing Coupons in the Black Diamond litigation. Among other counterclaims alleged by Rader, Rader asserts that Coupons fraudulently induced Rader to continue with its representation of Coupons in the Black Diamond litigation by making false promises that the fees would be paid in the future. Rader also alleges that this litigation has been brought in bad faith.

## DISCOVERY AND SCHEDULING PLAN

1. DISPOSITIVE MOTIONS

No dispositive motions have been filed to date. Both sides believe that they may do so prior to trial, but given that formal discovery has not yet commenced, the parties are still assessing the issues on which they might bring a dispositive motion.

2. NARROWING FACTUAL OR LEGAL ISSUES

At this stage, the parties are unaware of any specific options for narrowing the issues. There may be dispositive issues that are appropriate for decision by motion or agreement, but it is simply too early in the discovery process for the parties to determine what those issues may be.

Plaintiff also intends to amend its complaint to plead an additional claim for malpractice against defendant.

3.  ASSIGNMENT TO A MAGISTRATE JUDGE

    The parties do not consent to have the case assigned to a magistrate judge for all purposes, including trial.

4.  POSSIBILITY OF SETTLEMENT

    The parties do not anticipate that there is a realistic possibility of settling the case in the near future.

5.  ADR PROCEDURES

    The parties have discussed the possibility of engaging in mediation. However, they do not believe that the case would benefit from the Court's alternative dispute resolution procedures(or some other form of ADR) at this time.

6.  TIMING FOR FILING DISPOSITIVE MOTIONS

    The parties anticipate that there will be an additional exchange of documents, as well as at least one, if not more, third party subpoenas. They will also seek deposition testimony before they will be able to submit dispositive motions. The proposed schedule attached allows for a period of discovery before filing any such motions.

7.  INITIAL DISCLOSURES

    The parties intend to follow the normal procedures for initial disclosures..

8.  DISCOVERY PLAN

    Discovery will likely consist of an exchange of documents between the parties, some subpoenas seeking documents from third parties, as well as depositions and potentially requests for admission and interrogatories. The parties do not think that there need to be limits set on discovery at this time, other than the existing limits set in the Federal Rules of Civil Procedure. A protective order will need to be entered in this case, and the parties intend to submit such a proposed order. The proposed date for the completion of all discovery is included in the parties' respective proposed scheduling orders submitted herewith. Rader's proposed scheduling order provides for about four more months of discovery than does Coupons' proposed order. Rader believes that its

3

proposed schedule is reasonable in light of the fact that it has not had the opportunity to conduct the extensive discovery than Coupons had in its recent, related arbitration with its insurance carrier, Indian Harbor Insurance Company. Rader believes that Coupons, by advocating the discovery schedule that it is, is attempting to deprive Rader of adequate time for discovery. Coupons asserts that it has no such intent and will continue to work with Rader to streamline the discovery process. Coupons does not believe that the discovery in this case is so extensive that Rader will need the additional time it has built into its proposed scheduling order.

The proposed scheduling orders also reflect a disagreement between the parties as to the disclosure of expert witnesses. Rader's proposed order provides for the plaintiff and counterclaim-plaintiff to serve their expert reports first, followed 30 days later by the service of expert reports by defendant and counterclaim-defendant. Coupons, on the other hand, asserts that plaintiff and defendant, and counterclaim-plaintiff and counterclaim-defendant, should all serve their reports at the same time, followed 15 days later by rebuttal reports.

9. <u>EXPERT DISCOVERY PLAN</u>

Expert witness reports and information should be exchanged as set forth in F.R.Civ.P. 26(a)(2). The experts in this case, if any, should be deposed.

10. <u>CLASS ACTIONS</u>

This is not a class action.

11. <u>WHETHER TRIAL SHOULD BE BIFURCATED</u>

Before the pretrial conference the parties intend to address the issue of whether the trail should be bifurcated.

12. <u>PRETRIAL CONFERENCE DATE</u>

The parties propose that a pretrial conference be scheduled for a date convenient for the Court in late-September, 2007.

4

13. <u>TRIAL DATE</u>

The parties request that the Court set a firm trial date at the first scheduling conference.

14. <u>OTHER MATTERS</u>

The parties are not aware of other matters which should be addressed at this time.

Date:  September __, 2006                                Respectfully submitted,


                                                    _____/s/_____
                                                    Daniel E. Farrington (#471403)
                                                    The Farrington Law Firm, LLC
                                                    4550 Montgomery Avenue
                                                    Suite 775 North
                                                    Bethesda, MD 20814
                                                    (301) 951-1538 (Tel.)
                                                    (301) 951-1544 (Fax)

                                                    Neil A. Goteiner (appearing *pro hac vice*)
                                                    Farella, Braun & Martel, LLP
                                                    235 Montgomery St.
                                                    San Francisco, CA 94104
                                                    (415) 954-4400 (Tel.)
                                                    (415) 954 4480 (Fax)

Date: September __, 2006                                  Respectfully submitted,


                                                               /s/____  
Jonathan K. Tycko  
D.C. Bar No. 445851  
TYCKO & ZAVAREEI LLP  
2000 L Street, N.W., Suite 808  
Washington, D.C. 20036  
(202) 973-0900  
(202) 973-0950 (fax)  
jtycko@tzlegal.com  
*Counsel for Defendants Ellen A. Efros and Ronald P. Kananen and for Defendant and Counterclaim-Plaintiff Rader, Fishman & Grauer, PLLC*

Steven D. Wasserman  
CA Bar No. 88291 (admitted pro hac vice)  
Mark J. Hancock  
CA Bar No. 160662 (admitted pro hac vice)  
SEDGWICK, DETERT, MORAN & ARNOLD LLP  
One Market Plaza  
Steuart Tower, 8th Floor  
San Francisco, CA 94105  
(415) 781-7900 (telephone)  
(415) 781-2635 (fax)  
steven.wasserman@sdma.com  
mark.hancock@sdma.com  
*Counsel for Defendants Ellen A. Efros, Ronald P. Kananen and Rader, Fishman & Grauer, PLLC*