THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUPONS, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Case No. 1:06-CV-00142-HHK <br> ) |
| ELLEN A. EFROS, *et al.*, | ) <br> ) |
| Defendants. | ) <br> ) |

### STIPULATION AND PROTECTIVE ORDER

To ensure the confidentiality of proprietary information, expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and protect against use of discovered information for any purpose other than this litigation, plaintiff Coupons, Inc. and defendants, Ellen A. Efros, Esq., Ronald P. Kananen, Esquire and Rader, Fishman & Grauer, PLLC (referred to herein singularly as a "Party" and jointly as "the Parties") hereby stipulate that the following protective order may be entered by the Court:

**1. DEFINITIONS**

    (a)    **"CONFIDENTIAL INFORMATION"** means all information or tangible things that qualify for protection under the standards set forth in Federal Rule of Civil Procedure 26(c). CONFIDENTIAL INFORMATION includes sensitive information, where the disclosure of the information to persons other than those described in paragraph 4 below is likely to cause harm to the producing Party or other third party.

    (b)    **"CONFIDENTIAL – ATTORNEYS' EYES ONLY"** means extremely sensitive "CONFIDENTIAL INFORMATION" whose disclosure to another party or

19082\1077315.1

non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. CONFIDENTIAL – ATTORNEYS' EYES ONLY information may include certain CONFIDENTIAL materials, such as (1) technical information relating to research for, or development or manufacturing of, the parties' products; (2) technical or research and development information regarding future products; (3) any pending or abandoned non-public patent applications, foreign or domestic; and (4) business, financial, and marketing information, including (i) business/strategic plans, (ii) sales, cost and price information including future sales/financial projections, (iii) non-public marketing information including marketing plans, or (iv) other information of comparable competitive, financial, or commercial significance, where the disclosure of such information to persons other than those described in paragraph 5 below is likely to cause harm to the producing Party or other third party.

(c) "**PROTECTED MATERIAL**" means any information that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d) "**OUTSIDE COUNSEL**" means attorneys who are not employees of a Party but who are retained to represent or provide legal advice to a Party to this action.

(e) "**HOUSE COUNSEL**" means attorneys who are employees of a Party.

(f) "**COUNSEL**" means all OUTSIDE COUNSEL and HOUSE COUNSEL.

(g) "**DOCUMENT**" means, for purposes of this Protective Order, all written, recorded, or graphic material produced by a Party or provided to the Court in this matter, whether created by a Party or another person.

(h) "**TECHNICAL EXPERT OR CONSULTANT**" means anyone with actual or professed expertise in software and software system technology.

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 2 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

2. **APPLICABILITY OF THIS PROTECTIVE ORDER**

(a) The provisions in this Protective Order shall apply to information, documents, and things subject to formal or informal discovery, or submitted to the Court or mediators, or exchanged by the Parties in this action, including without limitation testimony at depositions upon oral examination or upon written questions, answers to interrogatories, documents or things produced, information obtained from inspection of premises or things, and answers to requests for admission, that are properly designated in accordance with the procedures set forth herein. This Protective Order shall also apply to all information, documents, and things derived from such information, documents, and things, including without limitation copies, summaries, or abstracts. As appropriate, this Protective Order shall apply to the information, documents, and things of the Parties as well as third parties.

3. **DESIGNATION OF MATERIAL**

(a) Any Party or third party that produces or provides PROTECTED MATERIAL in this litigation may designate that material as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by labeling or marking that material or information in the manner set forth in Paragraphs 7 through 10 below.

No PROTECTED MATERIAL may be disclosed to any person or used for any purpose except for this litigation pursuant to the terms of this protective order. No PROTECTED MATERIAL may be submitted to the Court without complying with paragraph 13 herein.

4. **PERMISSIBLE DISCLOSURE OF CONFIDENTIAL MATERIAL**

"CONFIDENTIAL" material may be disclosed only to the following, unless the Court finds that there may be further disclosure:

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 3 -

STIPULATION AND PROTECTIVE ORDER

19082\1077315.

(a)  The Parties' OUTSIDE COUNSEL participating in the litigation of this matter, as well as the employees in those law firms whose functions require access to "CONFIDENTIAL" material;

(b)  The Parties' HOUSE COUNSEL participating in the preparation of this litigation, as well as the employees in the Parties' legal departments whose functions require access to "CONFIDENTIAL" material, provided that these individuals (i) store the "CONFIDENTIAL" material in a secure location within the confines of the legal department; and (ii) execute an undertaking in the form of Exhibit A attached hereto before receiving materials sought to be protected under this Protective Order;

(c)  Each of the individual Parties, provided that they execute an undertaking in the form of Exhibit A attached hereto before receiving materials sought to be protected under this Protective Order .

(d)  The Parties' employees or partners participating in the prosecution or defense of this matter for any purpose provided that they execute an undertaking in the form of Exhibit A attached hereto before receiving materials sought to be protected under this Protective Order;

(e)  The authors, senders, addressees, and copy recipients of the "CONFIDENTIAL" material and employees of the Party or third party producing the "CONFIDENTIAL" material;

(f)  Subject to paragraph 6, nonparty experts or independent consultants engaged by counsel or the Parties in this litigation, provided that each non-party expert or independent consultant is not currently engaged by the other Party, and was not previously engaged by the other Party in the past five years and still under an obligation

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 4 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

to preserve that Party's confidential information, and provided that each non-party expert or independent consultant has signed an undertaking in the form of Exhibit A attached to this Protective Order before receiving PROTECTED MATERIALS;

(g) The Court and employees of the Court;

(h) Qualified court reporters taking testimony and their support personnel (including video technicians); and

(i) Personnel providing graphics, design, photocopy, document imaging, document processing, translation, or database services to the Parties' OUTSIDE COUNSEL in this litigation, provided that such personnel sign an undertaking in the form of Exhibit A attached hereto before receiving material protected by this Protective Order.

5. **PERMISSIBLE DISCLOSURE OF "CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL**

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" material may be disclosed only to the following, unless the Court finds that there may be further disclosure:

(a) The Parties' OUTSIDE COUNSEL participating in this litigation, as well as the employees of OUTSIDE COUNSEL whose functions require access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material;

(b) The authors, senders, addressees, and copy recipients of the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" material and employees of the Party or third party producing the "CONFIDENTIAL -ATTORNEYS' EYES ONLY" material;

(c) Each of the individual Parties, provided that they execute an undertaking in the form of Exhibit A attached hereto before receiving materials sought to be protected under this Protective Order.

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 5 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

(d) Subject to paragraph 6, nonparty experts or independent consultants engaged by counsel or the Parties to assist in this litigation, provided that each non-party expert or independent consultant is not currently engaged by the other Party, and was not previously engaged by the other Party in the past five years and still under an obligation to preserve that Party's confidential information, and provided that each non-party expert or independent consultant has signed an undertaking in the form of Exhibit A attached to this Order before receiving PROTECTED MATERIALS;

(e) Those persons identified in paragraphs 4(g), (h), and (i) above.

6. **PRIOR NOTICE OF DISCLOSURE TO EXPERTS**

The Party proposing to disclose any CONFIDENTIAL material to a TECHNICAL EXPERT OR CONSULTANT shall, before disclosing the PROTECTED MATERIAL, submit a statement to counsel for all Parties, including the producing Party, identifying the expert or consultant and describing all employment of or consulting by the technical expert or consultant in the last five (5) years. Unless any counsel notifies other counsel in writing of its objections to any expert or consultant proposed under this paragraph, including the grounds of the objection, within ten (10) business days after submission of this statement, counsel may disclose PROTECTED MATERIAL to that person. If there is an objection, no disclosure shall take place until the process below is finally resolved. If a party objects, the parties shall confer in order to resolve the dispute. If the dispute is not resolved, then the party seeking to make the disclosure shall, upon noticed motion, move for an order that the expert or consultant have access to the PROTECTED MATERIAL. The proposed technical expert or consultant shall not receive any PROTECTED MATERIAL until the Court resolves the motion.

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 6 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

7.   **INADVERTENT DISCLOSURE**

(a)   If a Party inadvertently produces PROTECTED MATERIAL without marking it as such, and there is no reasonable indication on the face of the document that such information was inadvertently produced, the receiving Party may treat the information as non-confidential until the producing Party notifies the receiving Party of the error in writing. Notice of an inadvertent failure to designate PROTECTED MATERIAL must be made as soon as practicable. As soon as the receiving Party receives written notice of the error, the receiving Party must treat the information as if it had been timely designated under this Protective Order, and the receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order, including endeavoring in good faith to obtain all copies of the information that it distributed or disclosed to persons not authorized to receive such information, as well as any copies made by such persons.

(b)   If a Party inadvertently produces information or materials that fall within the attorney-client privilege, work product doctrine, or any other privilege or immunity shall be preserved if the privilege holder has made efforts reasonable designed to protect the privilege and does not fail to pursue all reasonable means of preserving the confidentiality of the protected matters. Upon request of the producing party, all inadvertently produced documents shall be returned to the producing party. However, in returning such inadvertently produced documents, the receiving party does not waive its right to argue that the protection has been waived.

8.   **DESIGNATING PROTECTED MATERIAL**

(a)   Each Party or non-party that designates information or items for protection under this Order must limit any designation to the specific material that qualifies under

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 7 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

the appropriate standards. A designating Party must take care to designate for protection only those parts of the material that qualifies for protection so that other portions of the material for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

(b) Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expense and burden on other parties), expose the designating Party to sanctions.

(c) If it comes to the attention of a Party or a non-party that material designated for protection does not qualify for protection, or for the level of protection initially asserted, that Party or non-party must promptly notify the other parties that it is withdrawing the mistaken designation.

## 9.  DESIGNATING DOCUMENTS

(a) To the extent feasible, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, declarations, affidavits, and briefs that quote, summarize, or contain PROTECTED MATERIAL shall be prepared in such a manner that the PROTECTED MATERIAL is bound separately from that not entitled to such protection.

(b) The Designating Party may designate a DOCUMENT as subject to this Protective Order by producing copies of the DOCUMENT marked prominently with a designation reading "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The designation shall be placed upon each and every DOCUMENT containing PROTECTED MATERIAL. Documents marked as "CONFIDENTIAL" or

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 8 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

"CONFIDENTIAL – APPROVED DISTRIBUTION LIST ONLY" in the *Black Diamond CCT Holdings, LLC et at. v. Coupons, Inc.*, Case No. RDB-02-CV3701 lawsuit or "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" in the *Coupons, Inc. v. Indian Harbor Insurance Company* arbitration shall retain the same protection status under this Protective Order.

(c)     Where a DOCUMENT is produced in an electronic data storage medium (such as a floppy diskette, tape, CD-ROM, or DVD-ROM), that medium and/or the medium container shall be marked with the appropriate notice. The individual documents on such media shall be marked with an appropriate notice to the extent practicable.

(d)     PROTECTED MATERIAL contained in a physical exhibit shall be indicated by placing a label on the physical exhibit marked with the appropriate notice.

(e)     Any third party from which PROTECTED MATERIALS are sought in connection with this action may be provided with a copy of this Protective Order and notified of the opportunity to designate materials under it.

**10.    DESIGNATING AND HANDLING ELECTRONIC DATA STORAGE MEDIA**

If a Party is required to produce an electronic version of any PROTECTED MATERIALS it should be produced following these procedures with regard to the protection of electronic data storage media:

(a)     No copy of the original electronic data storage media product ("Original Media") shall be made unless necessary (a "copy" would include copying or transferring all, or part, of the electronic files to another media, such as a diskette or hard disk, except

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 9 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

for placement on a file server where access to the copy is limited to persons authorized under this Order, or for backups made for disaster recovery purposes);

(b) Within 60 days of the conclusion of this action:

(i) The Original Media must either be returned to the producing Party or destroyed by the receiving Party;

(ii) Counsel must sign a declaration that shall be sent to the producing Party certifying that: (a) to the best of that person's knowledge, the Original Media had been returned to the producing Party or destroyed; and (b) every copy, whether whole or partial, of the Original Media has been deleted in its entirety, including the use of a disk utility program, such as Norton Utilities or its equivalent, to rewrite the free disk space so that deleted files may not be recovered.

(c) The Party receiving the electronic data storage media shall under no circumstances transmit the information over the Internet. Any storage of such information shall occur on computers with firewall protection.

## 11. DESIGNATING DEPOSITIONS

(a) A deponent may be shown PROTECTED MATERIAL during a deposition, and examined about PROTECTED MATERIAL under this Protective Order if the deponent is a person identified in paragraphs 4 or 5 above and if the deponent signs the undertaking attached as Exhibit A.

(b) Deponents shall not retain or copy portions of the transcript of their depositions that contain PROTECTED MATERIAL not provided by them or the entities they represent.

(c) A deponent who is not a Party or a representative of a Party may be furnished a copy of this Protective Order at the time of service of the notice of deposition

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 10 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

or subpoena pursuant to which the deponent is to appear before being asked to produce PROTECTED MATERIAL.

(d) Parties (and deponents) may, either during the deposition or in writing at any time within twenty (20) days after the taking of the deposition, designate all or portions of the deposition testimony to be PROTECTED MATERIAL. During this twenty (20) day period, the entire deposition transcript (with the exception of the exhibits to the transcript) will be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Exhibits to the deposition transcript will be treated in accordance with whatever designation was given those materials, if any, at the time of their production or, if not previously produced, at the time of the deposition. PROTECTED MATERIAL contained within the deposition transcript shall be designated by marking the pages containing such information either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and forwarding copies of these pages to the court reporter, to counsel for the Parties, and to any other person known to have a copy of the transcript.

(e) If no Party or deponent designates the deposition transcript within the time provided in paragraph 11(d), then none of the deposition transcript will be treated as PROTECTED MATERIAL, with the exception of any exhibits to the deposition that were previously designated pursuant to this Protective Order.

(f) A person not authorized to have access to CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information must leave a deposition while such information is being discussed.

12. **CLIENT CONSULTATION**

Nothing in this Protective Order shall restrict any COUNSEL from advising its client with respect to this litigation and the matters associated therewith and from relying

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 11 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

in a general way upon PROTECTED MATERIAL in giving such advice; provided, however, that in giving such advice and communicating with the client, counsel shall not disclose the substance or contents of any PROTECTED MATERIAL to which the client is not otherwise entitled to access pursuant to the Protective Order.

13. **NON-DISCLOSURE AND NON-USE**

All documents produced by, or discovery responses of, any party in these proceedings, as well as all deposition testimony in these proceedings shall be used solely in connection with this litigation and the preparation and proceedings in this case and not for any other purpose, including without limitation any other litigation or any business or competitive purpose or function. To that end, the parties shall not distribute or disclose any documents or information produced in this litigation to any non-party or any of their agents, consultants, officers, directors, employees, or representatives except as on a need to know basis, pursuant to this Protective Order, or pursuant to an order of the Court.

Furthermore, counsel shall make a reasonable and good faith effort to ensure that no documents or information disclosed in this litigation, including documents that are not designated as PROTECTED MATERIAL are used for any prohibited purpose. In the event that any authorized person to whom the PROTECTED MATERIAL is disclosed ceases to be engaged in these proceedings, access to PROTECTED MATERIAL by that person shall be terminated. Even if no longer engaged in this proceeding, every person subject to the provisions of the Protective Order and/or who has executed Exhibit A shall continue to be bound by the provisions of this Protective Order.

14. **SUBMISSION OF PROTECTED MATERIAL**

Documents containing "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall be submitted solely to the Court and

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 12 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

OUTSIDE COUNSEL as necessary in connection with motions, hearings or other matters requiring the Court's attention in this action.

**15. SUBPOENA BY OTHER COURTS OR AGENCIES**

If a third party, court, or administrative agency subpoenas or orders production of documents or information protected under this Protective Order and which a Party has obtained under the terms of this Protective Order, such Party shall promptly notify the Party or other person who designated the document of the pendency of such subpoena or order so that the designating party may seek appropriate relief to protect its confidential information.

**16. NO ADMISSIONS**

(a) The acceptance or production of information, documents, or things designated as PROTECTED MATERIAL, and any other compliance with the terms of this Protective Order, shall not:

(i) constitute an admission or concession that (1) any such designation is appropriate; or (2) the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be PROTECTED MATERIAL; or

(ii) prejudice in any way the rights of the Parties to object to (1) the production of documents not subject to discovery, or (2) the authenticity or admissibility into evidence of any document, testimony, or other information subject to this Protective Order.

**17. CHALLENGING DESIGNATIONS**

Any party challenging a designation of material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall specify in writing to the

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 13 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

producing Party or interested non-party those portions of the information, documents, and things challenged as improperly designated. The producing Party or non-party shall notify the challenging Party in writing of the basis for the asserted designation within ten (10) business days after receiving any written objection. The Parties and/or interested non-parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging Party has received the notice of the basis for the asserted designation. To the extent the Parties and/or interested non-parties are unable to reach an agreement as to the designation, within five (5) business days after the date for the deadline for the Parties and/or interested non-parties to "meet and confer", the challenging Party may move the Court for an Order that the designated PROTECTED MATERIAL be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the information or materials in question as designated by the producing Party.

18. **EXCEPTIONS**

    (a)    This Protective Order shall not prevent or prejudice any Party from applying to the Court for relief from, or modification of, this Protective Order or for further or additional protective orders, or from agreeing with the other Party to a modification of this Protective Order.

    (b)    This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of PROTECTED MATERIAL obtained lawfully by such Party independently of any proceedings in this action, or which:

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 14 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

(i) was already known to such Party by lawful means prior to acquisition from, or disclosure by, the other Party in this action;

(ii) is or becomes publicly known through no fault or act of such Party; or

(iii) is rightfully received by such Party from a third party that has authority to provide such information or material without restriction as to disclosure.

## 19. NON-TERMINATION

The provisions of this Protective Order shall not terminate at the conclusion of this action and will continue to bind Parties, non-parties, experts, and consultants who produce or obtain documents pursuant to this Protective Order. Upon agreement of all counsel of record or within sixty (60) days after (1) a settlement agreement has been executed; (2) the order terminating this proceeding becomes no longer subject to judicial review, or (3) the date that any other proceeding relating to the Protected Materials is concluded and no longer subject to judicial review, counsel in receipt of PROTECTED MATERIAL shall:

(a) return these materials, including all copies, abstracts, summaries created therefrom (but excluding any materials determined to be work-product in the judgment of the counsel returning the documents), to counsel for the Party or nonparty who produced or provided them except that copies of filings, official transcripts and exhibits in this proceeding that contain PROTECTED MATERIAL may be retained, if they are maintained in accordance with Paragraph 12, above; or

(b) Destroy the PROTECTED MATERIAL and provide the Party or nonparty who produced the PROTECTED MATERIAL with an affidavit of its counsel that all

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 15 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

PROTECTED MATERIAL obtained pursuant to the terms and provisions of this Order have been destroyed.

## 20. RESPONSIBILITY OF ATTORNEYS

The attorneys of record are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of copies of documents and information designated for protection under this Protective Order.

## 21. NON WAIVER

None of the Parties waives the right to pursue any other legal or equitable remedies that may be available in the event of actual or anticipated disclosure of Protected Materials.

Date: October __, 2006            Respectfully submitted,

```
                                       /s/
                          _____
                          Daniel E. Farrington (#471403)
                          The Farrington Law Firm, LLC
                          4550 Montgomery Avenue
                          Suite 775 North
                          Bethesda, MD 20814
                          (301) 951-1538 (Tel.)
                          (301) 951-1544 (Fax)

                          Neil A. Goteiner (appearing *pro hac vice*)
                          Farella, Braun & Martel, LLP
                          235 Montgomery St.
                          San Francisco, CA 94104
                          (415) 954-4400 (Tel.)
                          (415) 954 4480 (Fax)
```

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 16 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

Date: October 11, 2006                    Respectfully submitted,

*[signature]*

Steven D. Wasserman
 CA Bar No. 88291 (admitted pro hac vice)
Mark J. Hancock
 CA Bar No. 160662 (admitted pro hac vice)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
(415) 781-7900 (telephone)
(415) 781-2635 (fax)
steven.wasserman@sdma.com
mark.hancock@sdma.com
*Counsel for Defendants Ellen A. Efros, Ronald P. Kananen and Rader, Fishman & Grauer, PLLC*

Jonathan K. Tycko
 D.C. Bar No. 445851
TYCKO & ZAVAREEI LLP
2000 L Street, N.W., Suite 808
Washington, D.C. 20036
(202) 973-0900
(202) 973-0950 (fax)
jtycko@tzlegal.com
*Counsel for Defendants Ellen A. Efros and Ronald P. Kananen and for Defendant and Counterclaim-Plaintiff Rader, Fishman & Grauer, PLLC*

IT IS SO ORDERED.

DATED: October ____, 2006                    _____
                                             Honorable Henry H. Kennedy, Jr.

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 17 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

## EXHIBIT A

DECLARATION OF (Name of Declarant)

I, _____, declare as follows:

1. My address is _____
_____

2. My present employer is _____
located at _____

3. My present occupation or job description is _____
_____

4. I have received a copy of the Protective Order entered in the case of *Coupons, Inc. v. Efros, et. al.*

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all terms and provisions of the Protective Order.

7. I will hold in confidence, not disclose to anyone not designated in the Protective Order, and will use only for purposes of this action, any information or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEYS EYES ONLY."

8. I will return all documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEYS EYES ONLY" which may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the party who disclosed or furnished such documents to me promptly upon the request of counsel for both parties or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of this litigation.

9. For a period of ten (10) years preceding this ___ day of _____, 2006, I have not had any employment, relationship, retention or contract with or by any party to this action as employee, agent, representative or contractor except as disclosed

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 18 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER

immediately hereafter.

_____

_____

_____

_____

_____

10.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement against me of the terms of the Protective Order and of the terms of this Declaration.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on _____ in _____.
                  (Date)                   (City and State/Province)

_____
(Signature)

Farella Braun & Martel LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
(415) 954-4400

- 19 -

19082\1077315.

STIPULATION AND PROTECTIVE ORDER