THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **COUPONS, INC.**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:06-CV-00142-HHK |
| **ELLEN A. EFROS**, *et al.*, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff Coupons, Inc., by and through its undersigned counsel, and files this First Amended Complaint against Defendants Ellen A. Efros, Ronald P. Kananen and Rader, Fishman & Grauer, PLLC, and in support thereof alleges as follows:

**NATURE OF ACTION**

This is a civil action brought by Coupons, Inc. ("Coupons") to recover damages caused by Ellen A. Efros, Esq. ("Efros"), Ronald P. Kananen ("Kananen") and Rader, Fishman & Grauer, PLLC ("Rader") (collectively "Defendants") based on their professional negligence and breaches of their fiduciary duty in not advising Coupons, their former client, with reasonable care and skill. Kananen conducted patent searches on behalf of Coupons for the purpose of advising Coupons regarding possible infringement claims and submitting the results of those searches to Indian Harbor Insurance Company ("Indian Harbor") as part of Coupons' original and renewal applications for patent infringement insurance policies. Kananen did not find, or if he found did not disclose to Coupons or Indian Harbor, certain patents which later became the subject of a patent infringement lawsuit against Coupons. Kananen and Rader, despite their involvement in assisting Coupons with its insurance applications, did not properly advise Coupons so that it could respond as fully as it possibly could to application questions. In addition,

1

neither Efros nor any other attorney at Rader advised Coupons that Coupons' failure to timely submit an official claim form to Indian Harbor could result in a loss of insurance coverage for the patent infringement lawsuit that E-Centives, Inc. ("E-Centives") had filed against Coupons. The actions of Kananen and Efros as a result put at risk the insurance coverage otherwise owed to Coupons by Indian Harbor.

## THE PARTIES

1.  Coupons, Inc. is a California Corporation with its principal place of business at 520 San Antonio Road, Palo Alto, California, 94040. Coupons designs and manufactures computer software that enables its clients to provide consumer-printed coupons to potential customers.

2.  Coupons is informed and believes that Rader, Fishman & Grauer, PLLC, ("Rader") is a private limited liability company registered in the State of Michigan, with its principal place of business located at 39533 Woodward Avenue, Suite 140, Bloomfield Hills, Michigan, 48304. Rader maintains an office in the District of Columbia.

3.  Coupons is informed and believes that Ellen A. Efros, Esq. and Ronald P. Kananen, Esq. are individuals residing in or near the District of Colombia and at all relevant times worked in Rader's office in the District of Columbia.

4.  Coupons is informed and believes that at all times mentioned herein Efros and Kananen were partners in Defendant Rader and in doing the things herein alleged were acting as such.

5.  Coupons is ignorant of the true names and capacities of the defendants named herein as Does 1 through 20, inclusive, but is informed and believes, and on that basis alleges, that these defendants are in some way responsible for the acts, omissions, and events alleged in this Complaint. Accordingly, Coupons sues Does 1 through 20 in such fictitious names. Coupons prays leave to amend this Complaint to properly name and charge each such defendant when all necessary facts have been ascertained.

**GENERAL ALLEGATIONS**

6.      For a period of time through and including 2002, Kananen provided legal services and advice to Coupons regarding a patent application and regarding the existence of other patents relevant to Coupons' products and potentially the subject of possible infringement actions against Coupons.

7.      Coupons obtained a series of patent infringement liability policies from Indian Harbor Insurance Company starting in August 2001. These policies provide insurance coverage for defense costs and damages arising out of patent infringement lawsuits filed against Coupons. The first policy, #IPI-190153-D01, was effective for the period from August 10, 2001 through August 10, 2002 ("the 2001 Policy"). Coupons renewed this policy in 2002, under policy #IPI-190153-D02 ("the 2002 Policy"), which was effective from August 10, 2002 through August 10, 2003. Coupons' third policy, #IPI-190153-D03 ("the 2003 Policy"), was effective from August 10, 2003 through August 10, 2004.

8.      All three Policies provided insurance coverage for patent infringement lawsuits commenced against Coupons during the respective policy periods. The 2002 and 2003 Policies included annual limits of $5,000,000 of coverage per claim, subject to a self-insured retention of $500,000.

9.      Coupons was sued by E-Centives, Inc. and Black Diamond CCT Holdings, LLP ("Black Diamond") in November 2002 for alleged infringement of patents that E-Centives licenses from Black Diamond ("Black Diamond Litigation"). Coupons retained Efros to defend it in this lawsuit.

10.     Prior to applying for the 2001 Policy, Coupons retained Kananen to conduct a search for patents relevant to Coupons' products, for purposes of advising Coupons about possible infringement claims and for purposes of submitting the search results to Indian Harbor as part of the insurance application. Kananen conducted the search and provided a search and opinion letter to Coupons and Indian Harbor, pointing

out that "[i]t has been the policy of the company in words and actions to respect the intellectual property of others, and to avoid the costs of intellectual property (IP) litigation by seeking advice and implementing a course of action designed to avoid litigation." Coupons retained Kananen again in 2002 to conduct a new patent search regarding possible infringement claims as well as for purposes of Coupons' renewal application for the 2002 Indian Harbor Policy. Kananen conducted the search and provided an updated search and opinion letter to Coupons and Indian Harbor. Although Kananen did find at least one of the patents that was later the subject of the Black Diamond Litigation, neither search and opinion letter disclosed to Coupons or Indian Harbor any of the Black Diamond (or its predecessor) patents. Kananen's failure to advise Coupons of the patents later asserted by Black Diamond and the attendant risks, precluded Coupons from acting to preempt the underlying lawsuit, for example, by seeking a license to the patents. Had Kananen so informed Coupons, it would have taken steps, as it had with respect to other potentially relevant patents, to obtain a license or to enter into other agreements and thereby to avoid the underlying lawsuit.

11. In addition, Kananen knew that Coupons was applying to renew the Policy in 2002. Kananen was the person most knowledgeable on behalf of Coupons with regard to any prior communications alleging that Coupons products may be infringing a patent, and with regard to prior litigation and threats of litigation. Kananen nonetheless took no steps to ensure that Coupons responded to questions on the application about prior accusations of infringement, or prior litigation or threats of litigation, as fully as it possibly could. As a result, Indian Harbor later asserted grounds for rescinding the 2002 Policy based on allegedly incorrect and incomplete answers in the application.

12. On December 16, 2002, Efros sent a letter to Coupons' broker, requesting that it notify Indian Harbor of the Black Diamond Litigation for purposes of obtaining coverage under the 2002 Policy. Indian Harbor responded to this notice with a letter dated December 27, 2002, which explained that only submission of Indian Harbor's

official claim form ("Claim Form") would constitute proper notice of Coupons' claim to Indian Harbor.

13. At the end of January 2003, Efros began preparing the information necessary to submit a Claim Form to Indian Harbor. The cost of preparing the Claim Form was significant, however, and Coupons did not know whether the costs of defending the Black Diamond Lawsuit would exceed the 2002 Policy's $500,000 retention. Coupons therefore did not submit the Claim Form at this time. Efros and Rader, however, did not advise Coupons of the risk that failure to submit a Claim Form prior to the August 10, 2003 end date of the 2002 Policy might preclude coverage under the 2002 Policy, or that delay in submitting the Claim Form could result in loss of coverage -- or credit against the deductible – of pre-submission defense costs.

14. Efros was responsible for preparation of the Claim Form, but when Coupons renewed the 2002 Policy in August 2003, neither Efros nor any other attorney at Rader advised Coupons that if it did not submit a Claim Form prior to the expiration of the 2002 Policy, Coupons risked losing insurance coverage for the Black Diamond Litigation.

15. On December 1, 2003, Efros emailed Coupons' CFO to suggest that she contact Indian Harbor with respect to obtaining litigation fee coverage for the Black Diamond Litigation. Efros did not indicate in this email that she believed that it might be too late to submit the Claim Form. Coupons contacted its broker regarding coverage, and on December 12, 2003 its broker responded by indicating that it might be too late for Coupons to submit its Claim Form. This was Coupons' first indication that there might have been a deadline for submitting its Claim Form.

16. At this point, Coupons had not heard unequivocally from Indian Harbor that its Claim Form would not be accepted, and so Efros prepared the Claim Form and submitted it on January 23, 2004.

17. On July 2, 2004, Indian Harbor denied coverage for the Black Diamond Litigation. Indian Harbor denied coverage based in part on Coupons' failure to submit a Claim Form prior to the August 10, 2003 termination of the 2002 Policy. Indian Harbor also denied coverage on the grounds that Coupons knew of the Black Diamond patents prior to the inception of the Policy but did not disclose them to Indian Harbor. Indian Harbor also contended, based in part on the August 2001 opinion letter drafted by Kananen, that Coupons' product at issue in the Black Diamond litigation was not insured. Coupons as a result was forced to engage in a lengthy and expensive arbitration with Indian Harbor to resolve these coverage disputes arising out of the Black Diamond Litigation. During the course of the arbitration, Indian Harbor asserted as additional defenses that Coupons' application for the 2002 Policy omitted material information and that the Policy should therefore be rescinded.

18. Although Coupons contended in the arbitration with Indian Harbor that the timing of the submission of the Claim Form did not bar coverage, that prior non-disclosure of the Black Diamond patents was not a ground for denying coverage, that Coupons' product was insured under the Policy, and that Coupons' answers in the 2002 application were truthful, Coupons risked obtaining adverse rulings on these issues. Efros's and Rader's failure to advise Coupons that it was required to submit a Claim Form promptly, and in any case during the 2002 Policy year, Kananen's and Rader's failure to disclose the Black Diamond patents in connection with the application, Kananen's and Rader's faulty drafting of the August 2001 opinion letter, and Kananen's failure to ensure Coupons answered questions on the 2002 application as fully as possible, caused Coupons to risk losing its right to insurance coverage for defense fees and settlement costs in the Black Diamond Litigation. Regardless of the outcome of the arbitration on these issues, Efros's and Kananen's conduct caused Coupons to expend significant attorneys' fees and costs in an effort to resolve these issues with Indian Harbor.

**FIRST CAUSE OF ACTION**
(Professional Negligence)

19. Coupons restates and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 18 above, as if fully set forth herein.

20. As its attorneys, Efros, Kananen and Rader owed Coupons a duty of reasonable care and skill. Those duties included:

   a) Efros's and Rader's duty to accurately advise Coupons with respect to the contents and possible interpretations of Coupons' insurance policies and advising it of the risks of not filing a Claim Form promptly or within the 2002 Policy period;

   b) Kananen's and Rader's duty to thoroughly and accurately conduct the requested patent searches, and disclose to Coupons and Indian Harbor all patents responsive to the search request for purposes of possible infringement suits and for the Policy applications;

   c) Kananen's and Rader's duty to draft a clear and accurate opinion letter; and

   d) Kananen and Rader's duty to advise Coupons about information as to which he was most knowledgeable for the purpose of providing answers on the 2002 Policy application, of which Kananen was aware.

21. Efros, Kananen and Rader breached these duties by:

   a) failing to advise Coupons that its failure to submit a Claim Form promptly and in any case prior to August 10, 2003 could create the risk of Indian Harbor denying Coupons' claim for insurance coverage in whole or in part. If Rader had informed Coupons of this risk, and therefore had given Coupons the legal advice that an attorney acting with the degree of skill commonly exercised in the legal community

would have given, Coupons would have submitted a Claim Form promptly and within the 2002 Policy Period; and

b)  failing to find, or if found failing to disclose to Coupons and Indian Harbor, the Black Diamond patents in connection with the policy applications. If Kananen and Rader had found or disclosed the patents to Coupons and Indian Harbor, and therefore had acted with the degree of skill commonly exercised in the legal community, Indian Harbor would still have issued the policies and would not have had grounds to deny coverage. Furthermore, Coupons would have been able successfully to preempt an infringement suit by Black Diamond, such as by negotiating a license;

c)  failing to draft an accurate and clear opinion letter for the 2001 Policy application. If Kananen and Rader had drafted a letter that clearly described Coupons' product, and clearly and competently described and assessed the patents discussed, Indian Harbor would not have had grounds to assert a defense to coverage based on the definition of the insured product in the Policy; and

d)  failing to advise Coupons about information as to which Kananen was most knowledgeable concerning prior accusations of infringement, and actual or threatened infringement suits, so that Coupons could fully and accurately provide answers on the 2002 Policy application.

22.   As a result of Efros, Kananen's and Rader's negligence in the giving of legal advice and providing of legal services, Coupons has been exposed to risks it neither voluntarily nor knowingly assumed, and has been damaged in an amount yet to be ascertained, including but not limited to all attorneys' fees and costs associated with prosecuting its claims against Indian Harbor, all defense and settlement costs in the Black Diamond Litigation recoverable under the Indian Harbor Policy, as well as consequential

damages to Coupons' business as a result of having to fund these costs itself.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)

23. Plaintiff restates and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 18 and 20 through 22 above, as if fully set forth herein.

24. As its attorneys, Efros, Kananen and Rader at all relevant times owed a fiduciary duty to Coupons.

25. Efros, Kananen and Rader breached their fiduciary duties by:

   a) failing to advise Coupons that its failure to submit a Claim Form promptly and in any case prior to August 10, 2003 could create the risk of Indian Harbor denying Coupons' claim for insurance coverage in whole or in part. If Rader had informed Coupons of this risk, and therefore had given Coupons the legal advice that an attorney acting with the degree of skill commonly exercised in the legal community would have given, Coupons would have submitted a Claim Form promptly and within the 2002 Policy Period; and

   b) failing to find, or if found failing to disclose to Coupons and Indian Harbor, the Black Diamond patents in connection with the policy applications. If Kananen and Rader had found or disclosed the patents to Coupons and Indian Harbor, and therefore had acted with the degree of skill commonly exercised in the legal community, Indian Harbor would still have issued the policies and would not have had grounds to deny coverage. Furthermore, Coupons would have been able successfully to preempt an infringement suit by Black Diamond, such as by negotiating a license; and

    c) failing to draft an accurate and clear opinion letter for the 2001 Policy application. If Kananen and Rader had drafted a letter that clearly described Coupons' product, and clearly and competently described and assessed the patents discussed, Indian Harbor would not have had grounds to assert a defense to coverage based on the definition of the insured product in the Policy.

    d) failing to advise Coupons about information as to which Kananen was most knowledgeable concerning prior accusations of infringement, and actual or threatened infringement suits, so that Coupons could fully and accurately provide answers on the 2002 Policy application.

26. As a result of Efros, Kananen's and Rader's breaches of fiduciary duty, Coupons has been exposed to risks it neither voluntarily nor knowingly assumed, and has been damaged in an amount yet to be ascertained, including but not limited to all attorneys' fees and costs associated with prosecuting its claims against Indian Harbor, all defense and settlement costs in the Black Diamond Litigation recoverable under the Indian Harbor Policy, as well as consequential damages to Coupons' business as a result of having to fund these costs itself.

### PRAYER FOR RELIEF

WHEREFORE, Coupons prays for relief against Defendants as follows:

    a) for money damages in an amount to be ascertained;

    b) for reasonable attorneys' fees and costs of suit; and

(c) for such other and further relief as this Court may deem just and proper.

                                           /s/
                        _____
Neil A. Goteiner (appearing *pro hac vice*)
Farella, Braun & Martel, LLP
235 Montgomery St.
San Francisco, CA 94104
(415) 954-4400 (Tel.)
(415) 954 4480 (Fax)

Daniel E. Farrington (#471403)
The Farrington Law Firm, LLC
4550 Montgomery Avenue
Suite 775 North
Bethesda, MD 20814
(301) 951-1538 (Tel.)
(301) 951-1544 (Fax)