THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUPONS, INC. ) | Case No. 1:06-CV-00142 HHK |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| ELLEN A. EFROS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY SEPARATE STATEMENT OF FACTS IN SUPPORT OF
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants Ellen A. Efros, Ronald P. Kananen, and Rader, Fishman & Grauer, PLLC ("Rader") (collectively, "Defendants") submit this reply separate statement of facts filed in support of their motion for partial summary judgment.

**Reply Regarding Coupons' Responses to Defendants' Facts**

Coupons does not dispute the facts in paragraphs 1-13[1], 15-16 and 19-28.

Coupons says it disputes the facts in paragraphs 14, 17 and 18.

Defendants' **paragraph 14** states:

> Coupons alleged that as a result of Indian Harbor's breaches of contract and the covenant of good faith and fair dealing, it incurred three kinds of damages:
>
> 1) The defense costs in the Black Diamond action, and the amount paid to settle the Black Diamond action, in excess of the deductible;
>
> 2) The attorneys' fees and costs Coupons incurred to enforce its contractual rights under the Indian Harbor Policy; and
>
> 3) Coupons has also suffered further consequential damages to its business, in an amount according to proof.
>
> *See* Ex. D, Arb. Dem., at ¶ 25.

---
[1] There is no paragraph 7 in Defendants' Separate Statement.

1

In its opposing separate statement, Coupons does not actually dispute the facts included in paragraph 14. Rather, Coupons merely adds that it also sought punitive damages from Indian Harbor in the arbitration. While this is true, the point is immaterial for the reasons set forth in Defendants' reply memorandum.

>Defendants **paragraph 17** states:

>>Indian Harbor opposed this motion, and Coupons filed a reply. *See generally,* Ex. J (Reply re same). On April 28, 2005, the arbitrator declined to grant summary adjudication based on the record before him. *See generally* Ex. K, Order Re Summ. Adjud.

In its opposing separate statement, Coupons does not actually dispute the facts included in paragraph 17. Rather, it merely points out that the April 28, 2005 ruling speaks for itself and that "the Renewal Endorsement clearly and unambiguously amended the Policy to provide a deadline for submitting the Claim Form as of the Policy's August 10, 2003 expiration date." However, any suggestion by Coupons that this was a valid deadline is inconsistent with its own successful argument in the arbitration that the Renewal Endorsement was unenforceable. (See Coupons' memo. in support of the second motion for summary adj., Defs. Ex. L, pp. 6-9, and the Arbitrator's second summary adjudication order, Defs. Ex. M, pp. 2-3.)

Further, as explained in Defendants' reply memorandum, the August 10, 2003 Renewal Endorsement to which Coupons refers purportedly had retroactive application and was not even in existence when Defendants and Coupons communicated in January 2003 regarding the submission of a claim. It cannot serve as the basis for any valid argument that Defendants had a duty to advise Coupons that it should submit its claim form by August 10, 2003.

>Defendants' **paragraph 18** states:

>>Coupons renewed its motion on June 9, 2006. *See* Ex. L, Plf.'s Memo.

Pts. & Auth. Re Mot. Summ. Adjud.  This time, the arbitrator granted the motion in connection with the late claim issue, issuing an order that stated:

> I find that Coupons' failure to file a claim in the form prescribed in the Policy within the Policy period does not bar it from seeking recovery in this case where Indian Harbor was put on notice by Coupons during the period of the Policy that patent infringement litigation had been asserted against it and where there is no evidence that Indian Harbor at any point directly communicated to Coupons, after receiving notice of the potential claim, that failure to file the Infringement Defense Claim form prior to termination of the Policy would bar recovery even if Coupons could establish that the litigation was "Covered Litigation" within the terms of the Policy.  As I found in my earlier Order, nowhere in the body of the Policy, with the exception of the Renewal Endorsement, is there a clear statement imposing a requirement that the Infringement Defense Claim form be filed within the policy period.

Ex. M, at 2 (emphases added).

Again, Coupons does not actually dispute the referenced facts.  Rather, it asserts that the arbitrator's ruling was not final and that not all of Indian Harbor's claims were resolved by the order.  On the point about finality, Coupons cites only the inadmissible hearsay statement of one of its attorneys.  See Cusack Decl., ¶11.  No hearing transcript or order is provided.  Also, as discussed in Defendants' reply memorandum, absolute finality is not required for the application of collateral estoppel.

On the point about the possibility of Indian Harbor arguing later in the arbitration proceedings that it was prejudiced by a delay in submitting a claim, that theory is inconsistent with the arbitrator's ruling.  The arbitrator made it clear in his ruling that the claim was not required to have been submitted by August 10, 2003, and Coupons submits no evidence establishing any reasonable basis for believing that the arbitrator was going to reverse himself and rule that prejudice to Indian Harbor did require the submission of the claim prior to August 10, 2003.

3

### Reply To Coupons' Additional Facts Regarding Rader's Alleged Malpractice as to the Barnett Patent Issue

Coupons submits 12 paragraphs' worth of additional facts which it claims relate to the Barnett patent malpractice issue. In reality, this presentation amounts to Coupons' argument of some selected background facts which are not material to any issue raised by the motion. In many instances, Coupons' characterization of the facts is not supported by the evidence cited.[2] Moreover, for several "facts," the only "evidence" cited is Coupons' own First Amended Complaint. That pleading has no evidentiary value and should not be considered as part of the opposition. F.R.Civ.P. 56(e).

Defendants specifically respond to Coupons' purported facts as follows:

1. The factual assertions are not material to any issues raised by the motion.

2. The factual assertions are not material to any issues raised the motion. Also, the assertion about the "central role" of Kananen's legal advice in the referenced policy is argument, not evidence.

3. The factual assertions are not material to any issues raised by the motion.

4. The factual assertions are not material to any issues raised by the motion. The referenced evidence does not support the assertion that "Kananen devoted hours to writing letters and speaking to the insurance carriers in two conference calls on August 7th and 8th."

5. The factual assertions are not material to any issues raised by the motion. No evidence is provided in support of any of the factual assertions.

---

[2] In its opposition separate statement, Coupons relies heavily on rough transcripts of the depositions of Ronald P. Kananen and Ellen Efros. The transcripts reflect objections to many of the questions that were asked, and Defendants re-assert those objections at this time. Also, Defendants object to the use of a rough deposition transcript as it may not accurately reflect the testimony that was given.

6. The factual assertions are not material to any issues raised by the motion. The cited evidence does not support the assertion that Kananen submitted the letter to an insurer. Nor does the evidence support Coupons' assertion that Kananen discussed his August 7, 2001 search and opinion letter with an insurer the day before, or on the day that, he sent the letter to Coupons.

7. The factual assertions are not material to any issues raised by the motion. No evidence is provided in support of any of the factual assertions.

8. The factual assertions are not material to any issues raised by the motion. Also, incomplete testimony from Efros is provided. Efros stated, A. "Well, *if Coupons was in fact facilitating the delivery of coupons using personal identification information rather than what they said they were doing*, then the issue of infringement became a lot closer." Q. How close? A. Very close."

9. The factual assertions are not material to any issues raised by the motion. No evidence is provided in support of any of the factual assertions. Moreover, there is no showing that the microsites gathered personal identification information to "facilitate the delivery of coupons." (See Efros' testimony cited in 8, above.)

10. The factual assertions are not material to any issues raised by the motion. Also, Coupons again mischaracterizes Efros' testimony about how close the issue of infringement was. See no. 8, above. Further, the cited evidence does not support the assertion that "Kananen . . . was intimately familiar with Coupons products" or that Kananen "admitted speaking to Boal on a regular basis about new developments."

11. The factual assertions are not material to any issues raised by the motion. Also, Coupons again mischaracterizes Efros' testimony about the issue of infringement. There is no

5

showing that the microsites gathered personal identification information to "facilitate the delivery of coupons." (See Efros' testimony cited in 8, above.)

12. The factual assertions are not material to any issues raised by the motion. No evidence is provided in support of any of the factual assertions. This is pure speculation.

### Reply Regarding Coupons' Additional Facts Regarding Rader's Alleged Malpractice as to the Late Claim Issue

Coupons submits 8 paragraphs' worth of additional facts which it claims relate to the "late claim" malpractice issue. Again, this presentation amounts to Coupons' argument of a collection of selected background facts which are not material to any issue raised by the motion and, in many instances, have no evidentiary support. Defendants specifically respond to Coupons' purported facts as follows:

13. The factual assertions are not material to any issues raised by the motion. The cited evidence does not support the assertion that "Efros and Kananen undertook to advise Coupons regarding obtaining coverage under the Policies." Further, saying that "Coupons provided Efros with a copy of the 2002-03 Policy" is misleading in light of the argument Coupons makes with respect to the application of judicial estoppel and collateral estoppel. This is because the Policy provided to Efros did not contain, and could not have contained, the August 10, 2003 Renewal Endorsement which reflected the purported August 10, 2003 claim-submission deadline. That August 10, 2003 Renewal Endorsement issued months after the time that Coupons and Defendants communicated in January 2003 concerning the submission of a claim to Indian Harbor. See the discussion of this in the portion of Defendants' reply memorandum discussing judicial estoppel.

14-18. The factual assertions are not material to any issues raised by the motion.

6

19. The factual assertions are not material to any issues raised by the motion. No evidence is offered in support of any of the factual assertions.

20. The factual assertions are not material to any issues raised by the motion.

Respectfully submitted,

January 8, 2007

_____/s/_____
Jonathan K. Tycko
 D.C. Bar No. 445851
TYCKO & ZAVAREEI LLP
2000 L Street, N.W., Suite 808
Washington, D.C.  20036
(202) 973-0900
(202) 973-0950 (fax)
jtycko@tzlegal.com
*Counsel for Defendants Ellen A. Efros and Ronald P. Kananen and for Defendant and Counterclaim-Plaintiff Rader, Fishman & Grauer, PLLC*

Steven D. Wasserman
 CA Bar No. 88291 (admitted pro hac vice)
Mark J. Hancock
 CA Bar No. 160662 (admitted pro hac vice)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA  94105
(415) 781-7900 (telephone)
(415) 781-2635 (fax)
steven.wasserman@sdma.com
mark.hancock@sdma.com
*Counsel for Defendants Ellen A. Efros, Ronald P. Kananen and Rader, Fishman & Grauer, PLLC*