THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUPONS, INC.<br><br>        Plaintiff<br><br>v.<br><br>ELLEN A. EFROS, et al.,<br><br>        Defendants. | Case No. 1:06-CV-00142 HHK |

**SUPPLEMENTAL DECLARATION OF MARK J. HANCOCK IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, Mark J. Hancock, declare that:

1. I am an attorney licensed to practice before all of the courts of the State of California and am a partner with the law firm of Sedgwick, Detert, Moran & Arnold LLP, attorneys of record for defendants Ellen A. Efros, Ronald P. Kananen, and Rader, Fishman & Grauer, PLLC (collectively, "Defendants"). I am one of the attorneys responsible for the handling of this file and, in this capacity, have personal knowledge of the facts set forth in this declaration. If called as a witness, I would testify as set forth herein.

2. Attached hereto as **Exhibit R** is a true and correct copy of Plaintiff Coupons, Inc.'s Response to Ronald P. Kananen's First Set of Interrogatories, Response to Interrogatory No. 6, served in this matter.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on January 4, 2007, in San Francisco, California.

                                                    Mark J. Hancock

# Exhibit R

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COUPONS, INC.,

    Plaintiff,

v.

ELLEN A. EFROS, *et al.*,

    Defendants.

Case No. 1:06-CV-00142-HHK

**PLAINTIFF COUPONS, INC.'S RESPONSE TO RONALD P. KANANEN'S FIRST SET OF INTERROGATORIES**

PROPOUNDING PARTY: Ronald P. Kananen

ANSWERING PARTY: Coupons, Inc.

SET NO.: One (1-12)

## GENERAL OBJECTIONS

Coupons asserts each of the following general objections to each of the interrogatories propounded by Kananen. Each of these general objections is expressly asserted and incorporated by this reference into the specific response to each interrogatory set forth below.

1. Coupons has not completed the investigation of facts, witnesses, or documents relating to this case; has not completed discovery; has not completed analysis of available information; and has not completed preparation for trial. Each of the responses herein is based only upon such information as is available to Coupons.

2. The responses to these interrogatories are given without prejudice to Coupons' right to use facts, witnesses, or documents omitted from these responses by oversight, inadvertence, or good faith error or mistake.

3. Coupons reserves all objections to the admissibility at trial of any information or documents identified. The identification of any document, or the

19082\1119320.1                                                      1

Coupons was contemplating acquiring an overseas partner, and thus needed to raise money beyond the acquisition price to continue to fund the litigation. The acquisition was $5 million and Coupons raised an additional $2.5 million to pay for litigation expenses through Arbitration.

The portion of investment capital that went to fund the litigation represents the sale of approximately 397,772 Series B shares, 364,077 Series C shares and 400,000 Series D shares. Those shares represent 5.58% of the company and their sales were dilutive to all existing shareholders. The value of those shares based on the last round of investment is $7.671 million, as of first quarter of 2006. The value of those shares is likely to be significantly higher should a liquidation event occur, and recent investment negotiations support that conclusion. Subtracting the investment amounts received from these transactions attributable to legal expenses, $6.35 million, yields a differential of approximately $1.3 million in lost value attributable to the funds raised.

**Interrogatory No. 6:**

Describe with particularity all damages, by amount and type, that COUPONS sought from INDIAN HARBOR in the ARBITRATION.

**Response to Interrogatory No. 6:**

The attorneys fees and costs Coupons incurred to defend itself in the Black Diamond litigation, less the POLICY's $500,000 deductible, and subject to the POLICY's 20% co-insurance, in the amount of approximately $2.0 million;

The $1 million portion of the settlement with Black Diamonds, subject to the POLICY's 20% co-insurance, in the amount of $800,000;

The attorneys fees and costs Coupons incurred to enforce its rights under the POLICY, in the amount of approximately $1.4 million;

The present value of the portion of Coupons' business that it sold to fund the fees,

costs and settlement payments listed above in the amount of approximately $1.3 million.

Punitive damages, in an amount to be determined by the arbitrator.

**Interrogatory No. 7:**

IDENTIFY all PERSONS, including, but not limited to attorneys, who were consulted in connection with COUPONS' decision to settle the UNDERLYING ACTION.

**Response to Interrogatory No. 7:**

Steven Boal; Jeff Weitzman; Michael Walsh and Richard Strock; Peter Wang, Larry Shatzer and Anthony Son of Foley & Lardner; Neil Goteiner and Dennis Cusack of Farella Braun + Martel.

**Interrogatory No. 8:**

State all of the reasons COUPONS decided to settle the UNDERLYING ACTION on the terms that it did.

**Response to Interrogatory No. 8:**

Coupons objects to this interrogatory on the grounds that it calls for information subject to the attorney-client privilege and the attorney work product protection. Without waiving this objection, Coupons responds as follows:

At the time Coupons settled the E-Centives lawsuit, the court had denied Coupons' motion for summary judgment. Coupons therefore faced a time-consuming and expensive trial and possible appeal. Notwithstanding Coupons' continued belief that its products did not infringe the Barnett patents, Coupons concluded that the settlement was reasonable in light of the costs of going forward and the risks, however small, of an adverse result.

**Interrogatory No. 9:**

When did COUPONS first consult with Farella, Braun & Martel in connection with INDIAN HARBOR's denial of coverage to COUPONS?

**Response to Interrogatory No. 9:**

**Response to Interrogatory No. 12:**

Coupons objects to this interrogatory on the grounds that it is vague and ambiguous as to the meaning of "most knowledgeable," and as to time. Without waiving this objection, Coupons responds as follows:

Steven Boal, for Interrogatory Nos. 7, 8, 10, 11;

Jeffrey Weitzman, for Interrogatory Nos. 3, 4, 5, 6, 9;

Steven Boal and Jeffrey Weitzman, for Interrogatory Nos. 1 and 2.

Date: December 7, 2006

FARELLA, BRAUN & MARTEL, LLP

By: /s/ Dennis M. Cusack
Dennis M. Cusack

Attorneys for Plaintiff COUPONS, INC.

Daniel E. Farrington
Attorney at Law
The Farrington Law Firm
4550 Montgomery Avenue, Suite 775
North Bethesda, MA 20814

## VERIFICATION

I, Jeffrey Weitzman, declare as follows:

I am President and Chief Operating Officer Coupons, Inc. ("Coupons"), which is the Plaintiff in this action, and I have been authorized to make this verification on its behalf.

I have read the Responses to Ronald Kananen's First Set of Interrogatories. I am informed and believe that the facts stated in the referenced responses were true and correct as of the date each were served to the best of my knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 7th day of December 2006 at Mountain View, California.

_____
Jeffrey Weitzman

19082\1129580.1

## PROOF OF SERVICE

I, the undersigned, declare as follows. I am employed in the County of San Francisco where this service occurred. I am over the age of eighteen years and not a party to this action. My business address is 235 Montgomery Street, 30th Floor, San Francisco, California. On the date below I served true copies of the document(s) listed below:

1. **PLAINTIFF COUPONS INC.'S RESPONSE TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS;**

2. **PLAINTIFF COUPONS INC.'S RESPONSE TO RADER FISHMAN'S FIRST SET OF INTERROGATORIES;**

3. **PLAINTIFF COUPONS INC.'S RESPONSE TO RONALD P. KANANEN'S FIRST SET OF INTERROGATORIES; and**

4. **PLAINTIFF COUPONS INC.'S RESPONSE TO ELLEN EFRO'S FIRST SET OF INTERROGATORIES.**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below on June 6, 2005.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by transmitting the documents to a messenger service (via Red Hot Courier) who will personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by emailing the documents (s) listed above to the person(s) at the address(es) set forth below.

Mark Hancock
Sedgwick, Detert, Moran & Arnold
One Market Plaza, Steuart Tower, 8th Floor
San Francisco, CA 94105
Fax: (415) 781-2635
Email: mark.hancock@sdma.com

Jonathan K. Tycko
Tycko & Zavareei LLP
2000 "L" Street, N.W., Suite 808
Washington, D.C. 20036
Fax: (202) 973-0950
Email: jtycko@tzlegal.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in San Francisco, California on December 7, 2006.

*Angelica V. Dugan*
Angelica V. Dugan

19082\1094906.1

PROOF OF SERVICE