THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**COUPONS, INC.**,

        Plaintiff,

v.

**ELLEN A. EFROS**, *et al.*,

        Defendants.

Case No. 1:06-CV-00142-HHK

**PLAINTIFF COUPONS, INC.'S UNOPPOSED MOTION
FOR LEAVE TO FILE A SURREPLY BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Coupons, Inc. requests leave to file the short surreply attached hereto as Exhibit 1 in opposition to Defendants' Motion for Partial Summary Judgment and in support thereof states the following:

Defendants' Reply Memorandum requires a further response from Coupons because Defendants introduced therein an issue previously not raised – including new facts and law – to which Coupons has not had an opportunity to respond.

Defendants were provided a copy of the surreply and state that they do not object to our filing this Motion.

Defendants argued initially that Coupons was collaterally and judicially estopped from asserting malpractice based on the late filing of the Claim Form. Defendants' point was that in the arbitration against Indian Harbor, Coupons successfully argued that the Claim Form was not filed late. (Defs. Opening Mem., pp. 21-26.) Therefore, Defendants argued, Coupons cannot argue the opposite here and Defendants could not have caused any harm to Coupons.

1

Coupons' Opposition demonstrated that this argument is legally groundless. The issue litigated in the arbitration is not the same as the issue presented in this malpractice action. (Coupons' Opp. Mem., pp. 20-26.) *Jordache Enterprises v. Brobeck, Phleger & Harrison*, 18 Cal.4th 739 (1998); *Third Eye Blind v. Near North Entertainment Ins. Services*, 127 Cal.App.4th 1311 (2005).

Having nothing to say in response, Defendants injected an entirely new issue into the motion as an end-run around the hopeless position they now find themselves in. Defendants for the first time in their Reply argue that they never had any duty to advise Coupons to begin with. They have asserted new statements of fact (disputed at least if not outright false), and argued new law (also mischaracterized) on the issue of duty.

The argument is too late. The Court should reject Defendants' effort to try to salvage a lost motion by raising in their Reply brief a new issue resting on disputed facts and a misstatement of the law, neither of which Coupons has had a chance to brief fully. The Court should allow Coupons' surreply, which requests that the Court strike that portion of Defendants' Reply brief.

Defendants also responded to Coupons' opposition on the collateral source issue by crudely mischaracterizing Coupons' position and creating confusion. Defendants' Reply takes an entirely misleading route to try to get around the unavoidable conclusion that as to the Barnett patent malpractice, the insurance benefits are an independent source of recovery as to which the collateral source rule applies. Defendants' Reply contends falsely -- by deliberately conflating two separate issues -- that Coupons is making an argument it is not. Defendants cannot have misunderstood Coupons' argument. They should not be permitted even to try to mislead the Court in this way.

Coupons therefore requests that the Court, in the interests of justice, permit Coupons to file the attached surreply brief.

| | |
|---|---|
| Date: January 25, 2007 | FARELLA BRAUN + MARTEL LLP |

By:_____/s/_____
    Neil A. Goteiner

Neil A. Goteiner (appearing *pro hac vice*)
Dennis M. Cusack
Farella Braun + Martel LLP
235 Montgomery Street, 18th Flr.
San Francisco, CA 94103

Daniel E. Farrington (#471403)
The Farrington Law Firm, LLC
4550 Montgomery Avenue, Suite 775
North Bethesda, MD 20814
(301) 951-1538 (Tel.)
(301) 951-1544 (Fax)

Attorneys for Plaintiff COUPONS, INC.