THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**COUPONS, INC.**,

        Plaintiff,

v.

**ELLEN A. EFROS**, *et al.*,

        Defendants.

Case No. 1:06-CV-00142-HHK

**PLAINTIFF COUPONS, INC.'S SURREPLY BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Defendants' Reply Memorandum requires a further response from Coupons for two reasons. First, they introduced an entirely new issue – whether they owed any duty to Coupons to advise it about its insurance. Defendants ignore the plain fact that Defendants asked for and received a copy of the Policy and did offer their advice. In any event, the argument is too late; Coupons had no chance to respond to it so the Court should strike that portion of Defendants' Reply brief.

Second, Defendants responded to Coupons' opposition on the collateral source issue by crudely mischaracterizing Coupons' position and creating confusion. Defendants cannot have misunderstood Coupons' argument. They should not be permitted even to try to mislead the Court in this way.

**II.   DEFENDANTS' REPLY BRIEF IMPERMISSIBLY INJECTS A NEW
        ISSUE INTO THE MOTION**

Defendants argued initially that Coupons was collaterally and judicially estopped from asserting malpractice based on the late filing of the Claim Form. Defendants point was that in the arbitration against Indian Harbor, Coupons argued that the Claim Form

1

was not filed late. (Defs. Opening Mem., pp. 21-26.) Coupons demonstrated that this argument is legally groundless. The issue litigated in the arbitration is not the same as the issue presented in this malpractice action. (Coupons' Opp. Mem., pp. 20-26.) *Jordache Enterprises v. Brobeck, Phleger & Harrison*, 18 Cal.4th 739 (1998), and more particularly *Third Eye Blind v. Near North Entertainment Ins. Services*, 127 Cal.App.4th 1311 (2005), a case 100% on point, hold that the ultimate outcome of an insurance coverage dispute cannot resolve in hindsight the separate issue of whether an attorney or broker properly advised the client of the risks so that it could avoid the dispute altogether.

Defendants' one-sentence response to *Third Eye Blind* in a footnote (Reply Mem., p. 14 n.8) effectively admits that *Third Eye Blind* is unassailable precedent. Having nothing to say in response to the same point in *Jordache*, Defendants injected an entirely new issue into the motion as an end-run around the hopeless position they now find themselves in. Defendants for the first time in their Reply argue that they never had any duty to advise Coupons to begin with.[1]

What is worse, the facts trump this argument. They assert with vigor that they did not even have the endorsement containing the deadline language at the time they advised Coupons. (Reply Mem., p. 13-14.) Defendants fail to note that the *identical* endorsement with the *identical* language was in the copy of the policy Defendants admit they did have. (*See* Policy, attached to Exh. C to the Hancock Decl.) Moreover, Defendants had the Policy because Efros asked Coupons to give it to her so that she could read it and advise Coupons about it. And Efros and Kananen both did in fact give advice

---

[1] "In making its argument Coupons engages in a sleight-of-hand, and wrongly implies that Rader had a duty to inform Coupons of the purported August 10, 2003 deadline." (Reply Mem., p. 13.)

to Coupons about when to submit the Claim Form. (*See* Coupons' Opp. Mem., pp. 8-11 and testimony cited there.)

Defendants wrongly rely on one New York case for the apparently all-encompassing proposition that defense counsel never have a duty to advise their clients about insurance that might pay for the defense they are providing. (Reply Mem., p. 15.) That is a doubtful proposition on its face and is not what Defendants' case, *Darby & Darby v. VSI Inter'l, Inc.*, 268 A.D.2d 270, *affirmed on different grounds*, 95 N.Y.2d 308 (2000), says. The appellate division only held that there was no duty to advise about possible insurance where the client did not provide its insurance policies and ask for advice. 268 A.D.2d at 272. Here, Defendants did have the Policy and did offer advice, which was accepted and acted on. In addition, the New York Court of Appeals affirmed *Darby & Darby* but only on narrower grounds. It did not buy even the appellate division's notion that a defense attorney is not required to pay any attention to the availability of insurance to pay for the defense it purports to be providing. 95 N.Y.2d at 311. The broad statement of the law on which Defendants must rest to erase the duty, does not exist.

The Court should reject Defendants' effort to try to salvage a lost motion by raising in their Reply brief a new issue resting on disputed facts and a misstatement of the law, neither of which Coupons has had a chance to brief fully.

**III. DEFENDANTS' MISCHARACTERIZATION OF COUPONS' COLLATERAL SOURCE ARGUMENT APPEARS INTENDED TO MISLEAD THE COURT AND THE COURT SHOULD REJECT IT.**

Defendants' motion argued that the collateral source rule has no application in this case, and it is therefore entitled to a setoff to any damage award of the full amount of

the Indian Harbor settlement. (Defs. Opening Mem., pp. 13-20.) Coupons pointed out, however, that Defendants' separate act of malpractice in failing to alert Coupons to the Barnett patents, so that Coupons could take steps to avoid the Black Diamond litigation altogether, does implicate the collateral source rule. (Coupons' Opp. Mem., pp. 15-18.) It does so precisely because this malpractice by Defendants had nothing to do with the insurance issues that arose later. It would exist even if Indian Harbor had not denied coverage at all. As to this act of malpractice, which led to Coupons being sued by Black Diamond, the insurance benefits due under the Indian Harbor policy were an entirely independent source of recovery for Coupons' damages (the costs of defending and settling the suit).

Defendants' Reply takes an entirely misleading route to try to get around the unavoidable conclusion that as to the Barnett patent malpractice, the insurance benefits are an independent source of recovery as to which the collateral source rule applies. Defendants' Reply (pp. 8-9) contends falsely that Coupons is making the following argument: Rader failed to disclose the Barnett patents to Coupons; Coupons then in turn did not disclose them to Indian Harbor; Indian Harbor as a result denied coverage under Exclusion 9 (failure to disclose patents the insured knew of at the time of application). This mischaracterizes the Barnett patent malpractice. Defendants are deliberately conflating two separate issues. The Barnett patent malpractice has nothing to do with Exclusion 9. Coupons here alleges only that, if the patents had been disclosed to Coupons (and Coupons only), the Black Diamond lawsuit would never have been filed. Insurance would never have been implicated. Defendants did not alert Coupons to the patents, Coupons was denied the opportunity to act in order to avoid the lawsuit, and as a

4

result had to pay defense and settlement costs. The Indian Harbor policy provided an independent and collateral source of recovery for these damages, for which Coupons paid valuable premiums.

The Court, therefore, should not be misled by Defendants' false characterization of Coupons' Barnett patent malpractice claim.

## IV. CONCLUSION

For the foregoing reasons, the Court should strike the noted portions of Defendants' Reply brief and deny their motion for partial summary judgment.

Date:  January 25, 2007                                FARELLA BRAUN + MARTEL LLP


By:_____/s/_____
     Neil A. Goteiner

Neil A. Goteiner (appearing *pro hac vice*)
Dennis M. Cusack
Farella Braun + Martel LLP
235 Montgomery Street, 18th Flr.
San Francisco, CA 94103

Daniel E. Farrington (#471401)
The Farrington Law Firm, LLC
4550 Montgomery Avenue, Suite 775
North Bethesda, MD 20814
(301) 951-1538 (Tel.)
(301) 951-1544 (Fax)

Attorneys for Plaintiff COUPONS, INC.