Coupons, Inc. v. Ellen A. Efros, et al.
USDC, District of Columbia, 1:06-CV-00142 HHK

DECLARATION OF MARK J. HANCOCK IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL

# EXHIBIT C

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUPONS, INC. | Case No. 1:06-CV-00142 HHK |
| Plaintiff | |
| v. | |
| ELLEN A. EFROS, et al., | |
| Defendants. | |
| AND RELATED COUNTERCLAIM | |

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, and the local rules of this Court, Defendants Ellen A. Efros, Ronald P. Kananen, and Rader, Fishman & Grauer, PLLC and Counterclaim-Defendant Rader, Fishman & Grauer, PLLC, by and through their attorneys, request that within 30 days plaintiff Coupons, Inc. produce the following documents for inspection and copying at the law offices of Sedgwick, Detert, Moran & Arnold, LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105, or at a location agreed upon by the parties.

## INSTRUCTIONS

In responding to these requests, YOU are requested to furnish ALL DOCUMENTS that are in YOUR actual OR constructive possession, custody, OR control, OR in the possession, custody, OR control of ANY of YOUR representatives, agents, OR attorneys.

If YOU cannot respond to ANY of the following requests in full after exercising due diligence to secure the information requested therein, please so state and respond to the extent

1

S: 10/9/06

possible, specifying ANY inability to respond and stating whatever information YOU have concerning the portion of each request not responded to.

If YOU object to the production of ANY DOCUMENT requested herein on the basis of ANY privilege, doctrine, OR principle, including, but not limited to, the attorney-client privilege OR work product doctrine, please identify the privilege, doctrine, OR principle claimed, as well as each DOCUMENT for which such protection is claimed, and provide the following information with respect to each such DOCUMENT: the date of the DOCUMENT; the name of each PERSON who made OR received the DOCUMENT; and a precise statement of the facts upon which the claim of privilege is based.

## DEFINITIONS

Words in CAPITALS in these requests are defined as follows:

"ACTION" shall mean the action entitled *Coupons, Inc. v. Efros, et al.*, United States District Court for the District of Columbia Case No. 1:06-CV-00142 HHK.

"ALL" includes the word "ANY," and vice versa.

"AND" includes the word "OR," and vice versa.

"ARBITRATION" shall mean the arbitration styled *Coupons, Inc. v. Indian Harbor Insurance Company*, American Arbitration Association Case No. 74133Y01022 04 DEAR.

"BARNETT PATENTS" shall refer to United States Patent Nos. 6,336,099-B1 and 6,321,208-B1.

"BOAL PATENT APPLICATION" shall refer to that patent application submitted by Steven Boal having Serial No. 09/451,160.

"BROKERS SUIT" shall mean the action filed by Coupons against its insurance brokers entitled *Coupons v. Seabury & Smith, Inc., et al.*, Santa Clara County Superior Court Case No.

2

105 CV 053139.

"COMMUNICATION(S)" shall mean any use of any mode of conveying meaning and information such as, but not limited to, mail, fax, telephone, telegraph, email, computer generated or transmitted, written or spoken language for the purpose of transferring information from one PERSON or place to another, including DOCUMENTS memorializing the information or meaning conveyed.

"DOCUMENT(S)" shall mean, without limitation, ALL written, typed, OR otherwise preserved COMMUNICATIONS including, without limitation, ANY letter, correspondence, computer print-out, e-mail print-out, note, book, pamphlet, article, bulletin, directive, review, publication, memorandum, diary, log, test, analysis, study, chart, table, projection, check, invoice, receipt, bill, purchase order, shipping order, contract, lease, agreement, work paper, calendar, envelope, paper, telephone message, tape, computer tape, computer disc, computer card, recording, videotape, film, microfilm, microfiche, drawing, account, ledger, statement, financial data, AND ALL other writings OR COMMUNICATIONS no matter how produced OR maintained in YOUR actual OR constructive possession, custody, OR control OR of which YOU have knowledge of the existence, whether prepared, published, OR released by YOU OR by ANY other PERSON OR entity. Without limitation on the foregoing, the term DOCUMENT shall include ANY copy OR draft that differs in ANY respect from the original OR other versions of the DOCUMENT, including, without limitation, copies containing notations, insertions, corrections, marginal notes, emendations OR ANY other variations.

"EFROS" shall mean Ellen Efros, a defendant in this action.

"FISH & RICHARDSON" shall mean the law firm of Fish & Richardson PC.

"FOLEY & LARDNER" shall mean the law firm of Foley & Lardner LLP.

"INDIAN HARBOR" shall mean OR refer to Indian Harbor Insurance Company,

3

Intellectual Property Insurance Services Corporation ("IPISC"), its Managing General Agent, AND ANY of their representatives, employees, attorneys, OR agents.

"KANANEN" shall mean Ronald P. Kananen, a defendant in this ACTION.

"PERSON(S)" includes, without limitation, ANY natural person, corporation, partnership, limited partnership, association, group, organization, federal, state, OR local government OR government agency, office, bureau, department, OR entity, AND includes the present AND former directors, officers, executives, partners, brokers, AND ALL other PERSONS acting OR purporting to act on behalf of them, AND ANY of their present OR former parent corporations, subsidiaries, affiliates, divisions, predecessors, AND successors in interest.

"POLICY(IES)" shall mean any patent infringement liability policies issued by INDIAN HARBOR to COUPONS, including but not limited to Policies No. IPI-190153-D01, IPI-190153-D02 and IPI-190153-D03.

"RADER FISHMAN" shall mean the law firm of Rader, Fishman & Grauer, PLLC, a defendant and the counterclaim plaintiff in this ACTION.

"RELATED TO," "RELATE(S) TO" OR "RELATING TO" shall have AND include not only its commonly understood meaning, but the following meanings as well, where applicable: concerning, comprising, reflecting, evidencing, constituting, pertaining to, dealing with, AND showing.

"UNDERLYING ACTION" shall mean the lawsuit styled *Black Diamond v. Coupons, Inc.*, United States District Court for the District of Maryland, Case No. L02CV3701.

"YOU," "YOUR" AND "COUPONS" shall mean Coupons, Inc., the plaintiff and counterclaim-defendant in this ACTION, AND ANY of its representatives, agents, employees, independent contractors, attorneys, parent corporations, subsidiaries, predecessors in interest, successors in interest, AND ALL PERSONS controlled by, controlling or under its control.

4

**REQUEST NO. 36:**

ALL DOCUMENTS RELATING TO the settlement agreement reached in the UNDERLYING ACTION including, but not limited to, DOCUMENTS RELATING TO the settlement negotiations and ANY advice concerning those negotiations OR the eventual settlement received by COUPONS from FOLEY & LARDNER, FARELLA, BRAUN & MARTEL LLP, or any other attorney(s).

**REQUEST NO. 37:**

ALL COMMUNICATIONS between COUPONS and FOLEY & LARDNER or any other attorneys RELATING TO COUPONS' assertion in the UNDERLYING ACTION of the defense based on 35 USC section 273.

**REQUEST NO. 38:**

ALL COMMUNICATIONS between COUPONS and EFROS regarding ANY matter.

**REQUEST NO. 39:**

ALL COMMUNICATIONS between COUPONS and KANANEN regarding ANY matter.

**REQUEST NO. 40:**

ALL COMMUNICATIONS between COUPONS and RADER FISHMAN regarding ANY matter.

**REQUEST NO. 41:**

ALL audio recordings of ANY conversations between any COUPONS officer (including Steven Boal) and ANY RADER FISHMAN attorney.

**REQUEST NO. 42:**

ALL COMMUNICATIONS between COUPONS and INDIAN HARBOR regarding ANY matter.

10

**REQUEST NO. 67:**

A copy of COUPONS' policy(ies) concerning document retention and destruction.

Dated: October 9, 2006         By _____
                                    Mark J. Hancock

Steven D. Wasserman
CA Bar No. 88291 (admitted pro hac vice)
Mark J. Hancock
CA Bar No. 160662 (admitted pro hac vice)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
(415) 781-7900 (telephone)
(415) 781-2635 (fax)
steven.wasserman@sdma.com
mark.hancock@sdma.com
*Counsel for Defendants Ellen A. Efros, Ronald P.
Kananen and Rader, Fishman & Grauer, PLLC*

Jonathan K. Tycko
D.C. Bar No. 445851
TYCKO & ZAVAREEI LLP
2000 L Street, N.W., Suite 808
Washington, D.C. 20036
(202) 973-0900
(202) 973-0950 (fax)
jtycko@tzlegal.com
*Counsel for Defendants Ellen A. Efros and Ronald P.
Kananen and for Defendant and Counterclaim-
Plaintiff Rader, Fishman & Grauer, PLLC*

15

## CERTIFICATE OF SERVICE

Undersigned hereby certifies that on this 9th day of October, 2006, the foregoing First Request For Production Of Documents To Plaintiff was served via U.S. mail, first class, postage prepaid, upon:

> Daniel E. Farrington
> THE FARRINGTON LAW FIRM, LLC
> 4550 Montgomery Avenue
> Suite 775 North
> Bethesda, MD 20814

and via hand-delivery by messenger service upon:

> Neil A. Goteiner
> Farella, Braun & Martel LLP
> 235 Montgomery Street, 30th Floor
> San Francisco, Ca 94104

_____
Marion Tate