Coupons, Inc. v. Ellen A. Efros, et al.
USDC, District of Columbia, 1:06-CV-00142 HHK

DECLARATION OF MARK J. HANCOCK IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL

# EXHIBIT D

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUPONS, INC. ) | Case No. 1:06-CV-00142 HHK |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| ELLEN A. EFROS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| AND RELATED COUNTERCLAIM ) | |
| ) | |

### RONALD P. KANANEN'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure, and the local rules of this Court, Defendant Ronald P. Kananen, by and through his attorneys, requests that within 30 days plaintiff Coupons, Inc. serve written answers under oath to the following interrogatories pursuant to the instructions and definitions set forth herein.

### INSTRUCTIONS

A.  Where a claim of privilege is asserted in objecting to any interrogatory plaintiff's counsel shall identify the nature of the privilege and provide in the objection, unless divulging such information would cause disclosure of the allegedly privileged information:

(a)  for documents: (i) the type of DOCUMENT; (ii) the general subject of the DOCUMENT; (iii) the date of the DOCUMENT; and (iv) such other information as is sufficient to identify the DOCUMENT for a subpoena duces tecum, including, where appropriate, the author(s) of the DOCUMENT, the addressee(s) and other recipient(s) of the DOCUMENT, and where not apparent, the relationship of the author(s), addressee(s) and other recipient(s) to one

1

S: 11/2/06

another;

(b) for oral communications: (i) the name of the person making the communication and the name(s) of the person(s) present while the communication was made and, where not apparent, the relationship of the person(s) present to the person making the communication; (ii) the date and place of the communication; and (iii) the general subject of the communication.

## DEFINITIONS

Words in CAPITALS in these interrogatories are defined as follows:

"ACTION" shall mean the action entitled *Coupons, Inc. v. Efros, et al.*, United States District Court for the District of Columbia Case No. 1:06-CV-00142 HHK.

"ALL" includes the word "ANY," and vice versa.

"AND" includes the word "OR," and vice versa.

"ARBITRATION" shall mean the arbitration styled *Coupons, Inc. v. Indian Harbor Insurance Company*, American Arbitration Association Case No. 74133Y01022 04 DEAR.

"BARNETT PATENTS" shall refer to United States Patent Nos. 6,336,099-B1 and 6,321,208-B1.

"BOAL PATENT APPLICATION" shall refer to that patent application submitted by Steven Boal having Serial No. 09/451,160.

"BROKERS SUIT" shall mean the action filed by Coupons against its insurance brokers entitled *Coupons v. Seabury & Smith, Inc., et al.*, Santa Clara County Superior Court Case No. 105 CV 053139.

"COMMUNICATION(S)" shall mean any use of any mode of conveying meaning and information such as, but not limited to, mail, fax, telephone, telegraph, email, computer

2

generated or transmitted, written or spoken language for the purpose of transferring information from one PERSON or place to another, including DOCUMENTS memorializing the information or meaning conveyed.

"DOCUMENT(S)" shall mean, without limitation, ALL written, typed, OR otherwise preserved COMMUNICATIONS including, without limitation, ANY letter, correspondence, computer print-out, e-mail print-out, note, book, pamphlet, article, bulletin, directive, review, publication, memorandum, diary, log, test, analysis, study, chart, table, projection, check, invoice, receipt, bill, purchase order, shipping order, contract, lease, agreement, work paper, calendar, envelope, paper, telephone message, tape, computer tape, computer disc, computer card, recording, videotape, film, microfilm, microfiche, drawing, account, ledger, statement, financial data, AND ALL other writings OR COMMUNICATIONS no matter how produced OR maintained in YOUR actual OR constructive possession, custody, OR control OR of which YOU have knowledge of the existence, whether prepared, published, OR released by YOU OR by ANY other PERSON OR entity. Without limitation on the foregoing, the term DOCUMENT shall include ANY copy OR draft that differs in ANY respect from the original OR other versions of the DOCUMENT, including, without limitation, copies containing notations, insertions, corrections, marginal notes, emendations OR ANY other variations.

"EFROS" shall mean Ellen Efros, a defendant in this action.

"FISH & RICHARDSON" shall mean the law firm of Fish & Richardson PC.

"FOLEY & LARDNER" shall mean the law firm of Foley & Lardner LLP.

"IDENTIFY" when used in reference to: (i) an individual, means to state, to the extent known, his or her full name, address, and present and prior employment positions; (ii) a corporation or other business entity, means to state, to the extent known, its full name and address; (iii) a DOCUMENT, means to describe specifically the DOCUMENT, its date, its

3

present or last known location and custodian, its author (and, if different, the signer or signers), the addressee, the manner and date of its disposition if it is no longer in your possession or subject to your control, and all other means of identifying it with sufficient particularity to satisfy the requirements for its inclusion in a demand or request for its production pursuant to Rule 34 of the Federal Rules of Civil Procedure or by a subpoena duces tecum; and (iv) a COMMUNICATION, means to identify the participants and set forth the date, manner, place, and substance of the COMMUNICATION if it is non-written.

"INDIAN HARBOR" shall mean OR refer to Indian Harbor Insurance Company, Intellectual Property Insurance Services Corporation ("IPISC"), its Managing General Agent, AND ANY of their representatives, employees, attorneys, OR agents.

"KANANEN" shall mean Ronald P. Kananen, a defendant in this ACTION.

"PERSON(S)" includes, without limitation, ANY natural person, corporation, partnership, limited partnership, association, group, organization, federal, state, OR local government OR government agency, office, bureau, department, OR entity, AND includes the present AND former directors, officers, executives, partners, brokers, AND ALL other PERSONS acting OR purporting to act on behalf of them, AND ANY of their present OR former parent corporations, subsidiaries, affiliates, divisions, predecessors, AND successors in interest.

"POLICY(IES)" shall mean any patent infringement liability policies issued by INDIAN HARBOR to COUPONS, including but not limited to Policies No. IPI-190153-D01, IPI-190153-D02 and IPI-190153-D03.

"RADER FISHMAN" shall mean the law firm of Rader, Fishman & Grauer, PLLC, a defendant and the counterclaim plaintiff in this ACTION.

"RELATED TO," "RELATE(S) TO" OR "RELATING TO" shall have AND include not only its commonly understood meaning, but the following meanings as well, where applicable:

4

concerning, comprising, reflecting, evidencing, constituting, pertaining to, dealing with, AND showing.

"UNDERLYING ACTION" shall mean the lawsuit styled *Black Diamond v. Coupons, Inc.*, United States District Court for the District of Maryland, Case No. L02CV3701.

"YOU," "YOUR" AND "COUPONS" shall mean Coupons, Inc., the plaintiff and counterclaim-defendant in this ACTION, AND ANY of its representatives, agents, employees, independent contractors, attorneys, parent corporations, subsidiaries, predecessors in interest, successors in interest, AND ALL PERSONS controlled by, controlling or under its control.

## INTERROGATORIES

### Interrogatory No. 1

State all facts supporting each of COUPONS' claims of malpractice against KANANEN.

### Interrogatory No. 2

State all facts supporting each of COUPONS' claim of breach of fiduciary duty against KANANEN.

### Interrogatory No. 3

State all facts supporting each of COUPONS' damage allegations stated in section C of COUPONS' October 5, 2006 Initial Disclosures in this case.

### Interrogatory No. 4

Describe with particularity the transaction pursuant to which COUPONS' sold "a portion of [its] business," as set forth in section C of COUPONS October 5, 2006 Initial Disclosures in this case, by IDENTIFYING: the parties to the sale, the portion of COUPONS' business that was sold, the date of the sale, the terms of the sale (including ANY consideration that was received by COUPONS as part of the sale), the reasons that COUPONS engaged in the sale, and all DOCUMENTS reflecting the terms of the sale.

5

**Interrogatory No. 5**

Describe with particularity how COUPONS determined OR calculated, as set forth in section C of COUPONS' October 5, 2006 Initial Disclosures in this case, that "the present value of the portion of Coupons' business that it sold to fund the fees, costs and settlement payments listed in items (1) and (2) [of the Initial Disclosures] amounted to $1.3 million."

**Interrogatory No. 6**

Describe with particularity all damages, by amount and type, that COUPONS sought from INDIAN HARBOR in the ARBITRATION.

**Interrogatory No. 7**

IDENTIFY all PERSONS, including, but not limited to attorneys, who were consulted in connection with COUPONS' decision to settle the UNDERLYING ACTION.

**Interrogatory No. 8**

State all of the reasons COUPONS decided to settle the UNDERLYING ACTION on the terms that it did.

**Interrogatory No. 9**

When did COUPONS first consult with Farella, Braun & Martel in connection with INDIAN HARBOR's denial of coverage to COUPONS?

**Interrogatory No. 10**

IDENTIFY all PERSONS who served as COUPONS' officers OR directors, from January 1, 2001 through the time of settlement of the ARBITRATION.

**Interrogatory No. 11**

State all of the factors which led to the termination of Frank Serafin's employment with COUPONS.

**Interrogatory No. 12**

For each of the above interrogatories, IDENTIFY by interrogatory number those persons

at COUPONS who are believed to be the most knowledgeable with respect to the subject matter of each Interrogatory.

Dated: November 2, 2006         By /s/ Mark J. Hancock
                                   Mark J. Hancock

Steven D. Wasserman
CA Bar No. 88291 (admitted pro hac vice)
Mark J. Hancock
CA Bar No. 160662 (admitted pro hac vice)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
(415) 781-7900 (telephone)
(415) 781-2635 (fax)
steven.wasserman@sdma.com
mark.hancock@sdma.com
*Counsel for Defendants Ellen A. Efros, Ronald P. Kananen and Rader, Fishman & Grauer, PLLC*

Jonathan K. Tycko
D.C. Bar No. 445851
TYCKO & ZAVAREEI LLP
2000 L Street, N.W., Suite 808
Washington, D.C. 20036
(202) 973-0900
(202) 973-0950 (fax)
jtycko@tzlegal.com
*Counsel for Defendants Ellen A. Efros and Ronald P. Kananen and for Defendant and Counterclaim-Plaintiff Rader, Fishman & Grauer, PLLC*

## CERTIFICATE OF SERVICE

Undersigned hereby certifies that on this 2nd day of November, 2006, the Foregoing Ronald P. Kanane's First Set of Interrogatories To Plaintiff was served via U.S. mail, first class, postage prepaid, upon:

>Daniel E. Farrington
>THE FARRINGTON LAW FIRM, LLC
>4550 Montgomery Avenue
>Suite 775 North
>Bethesda, MD 20814

and via hand-delivery by messenger service upon:

>Neil A. Goteiner
>Farella, Braun & Martel LLP
>235 Montgomery Street, 30th Floor
>San Francisco, Ca 94104

_____
Marion Tate

8