Coupons, Inc. v. Ellen A. Efros, et al.
USDC, District of Columbia, 1:06-CV-00142 HHK

DECLARATION OF MARK J. HANCOCK IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL

# EXHIBIT E

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUPONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELLEN A. EFROS, *et al.*, <br><br> Defendants. | Case No. 1:06-CV-00142-HHK <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| AND RELATED COUNTERCLAIM | |

PROPOUNDING PARTY:   Defendants Ellen A. Efros, et al.

RESPONDING PARTY:   Plaintiff Coupons, Inc.

SET NUMBER:   One (1-66)

Plaintiff Coupons, Inc. ("Coupons") hereby responds to Defendants Ellen A. Efros, et al. ("Rader") Request For Production of Documents, Set One.

### GENERAL OBJECTIONS

Coupons asserts each of the following general objections to each of the Document Requests propounded by Rader. Each of these general objections is expressly asserted and incorporated by this reference into the specific response to each Document Request set forth below.

1. Coupons has not completed the investigation of facts, witnesses or documents relating to this case, has not completed discovery, has not completed analysis of available information, and has not completed preparation for trial. Each of the responses herein is based only upon such information as is available to and specifically known to Coupons.

2. The responses to these requests are given without prejudice to Coupons'

right to use facts, witnesses or documents omitted from these responses by oversight, inadvertence, or good faith error or mistake.

3. Coupons reserves all objections to the admissibility at trial of any information or documents identified. The identification of any document, or the supplying of any information, will not constitute an admission by Coupons that such document or information is relevant to or admissible in the pending litigation. Coupons reserves the right to object to further inquiry with respect to any subject matter.

4. Coupons objects to each of Rader's requests to the extent it seeks information gathered or prepared in anticipation of litigation, or which contains, reflects or calls for the disclosure of the mental impressions, conclusions, opinions and legal theories of Coupons, any attorney for Coupons, any litigation expert, or any agent thereof.

5. Coupons objects to each of Rader's requests to the extent it seeks information protected from discovery under the attorney-client privilege, the attorney work product privilege, and/or any other privilege or doctrine recognized under the law.

6. Coupons objects to each of the individual requests to the extent it seeks production of information in violation of rights to privacy protected under California and/or federal law.

7. Coupons objects to each of Rader's requests to the extent that it purports to impose obligations on Coupons beyond the requirements of the federal Code of Civil Procedure.

8. Coupons objects to each of Rader's requests to the extent it requests production of documents that have already been produced to Rader in the course of at least two prior productions of documents. To this extent, the request is overbroad and unduly burdensome.

9. Coupons objects on the grounds that Rader has requested the production of certain documents that are not relevant to the subject matter of this action and that

Rader seeks the production of documents that are not reasonably calculated to lead to the discovery of admissible evidence. Coupons also objects to the extent that the information sought is publicly available to Rader and is equally accessible to it as to Coupons.

10. Coupons objects to each of Rader's requests to the extent it calls for the identification or production of information not within Coupons' possession, custody or control.

11. Coupons objects to each of Rader's requests to the extent it calls for a response on behalf of anyone other than Coupons.

12. To the extent that Coupons agrees to produce responsive documents that should be understood as a commitment to produce documents located after a reasonable search. Coupons will also only produce such documents to the extent that Coupons has not already produced them to Rader in this litigation. To the extent that these requests seek to impose any other obligation, Coupons objects to them as unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

ALL DOCUMENTS that support YOUR contention that attorneys at RADER FISHMAN committed malpractice by allegedly failing to notify COUPONS of the deadline for submitting a Claim Form to INDIAN HARBOR.

### RESPONSE TO REQUEST NO. 1:

Coupons objects to this request on the ground that it is vague and calls for documents protected by the attorney-client and attorney work product privileges. Without waiving this objection, Coupons will produce all responsive, non-privileged documents that have not already been produced.

will produce all responsive, non-privileged documents that have not already been produced.

**REQUEST NO. 34:**

ALL DOCUMENTS that support each of YOUR claims in the ACTION that attorneys at RADER FISHMAN breached fiduciary duties owed to COUPONS.

**RESPONSE TO REQUEST NO. 34:**

Coupons objects to this request on the ground that it is vague and calls for documents protected by the attorney-client and attorney work product privileges. Without waiving this objection, Coupons will produce all responsive, non-privileged documents that have not already been produced.

**REQUEST NO. 35:**

ALL DOCUMENTS which support each factual allegation in COUPONS' complaint filed in this ACTION.

**RESPONSE TO REQUEST NO. 35:**

Coupons objects to this request on the ground that it is vague, overbroad, duplicative and harassing, and calls for documents protected by the attorney-client and attorney work product privileges. Without waiving this objection, Coupons will produce all responsive, non-privileged documents that have not already been produced.

**REQUEST NO. 36:**

ALL DOCUMENTS RELATING TO the settlement agreement reached in the UNDERLYING ACTION including, but not limited to, DOCUMENTS RELATING TO the settlement negotiations and ANY advice concerning those negotiations OR the

eventual settlement received by COUPONS from FOLEY & LARDNER, FARELLA, BRAUN & MARTEL LLP, or any other attorney(s).

**RESPONSE TO REQUEST NO. 36:**

Coupons objects to this request on the ground that it calls for documents protected by the attorney-client and attorney work product privileges and documents protected as settlement and mediation communications. Without waiving this objection, Coupons will produce the settlement agreement.

**REQUEST NO. 37:**

ALL COMMUNICATIONS between COUPONS and FOLEY & LARDNER or any other attorneys RELATING TO COUPONS' assertion in the UNDERLYING ACTION of the defense based on 35 USC section 273.

**RESPONSE TO REQUEST NO. 37:**

Coupons objects to this request on the grounds that, under the First Amended Complaint, it calls for documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Coupons also objects on the grounds that it calls for documents protected by the attorney-client and attorney work product privileges.

**REQUEST NO. 38:**

ALL COMMUNICATIONS between COUPONS and EFROS regarding ANY matter.

**RESPONSE TO REQUEST NO. 38:**

Coupons objects to this request on the ground that it is overbroad, duplicative and harassing. Without waiving this objection, Coupons will produce all responsive documents that have not already been produced.

**RESPONSE TO REQUEST NO. 66:**

Coupons objects to this request on the ground that it is overbroad and harassing and calls for documents protected by the attorney-client and attorney work product privileges. Without waiving this objection, Coupons will produce all responsive, non-privileged documents that have not already been produced.

**REQUEST NO. 677:**

A copy of COUPONS' policy(ies) concerning document retention and destruction.

**RESPONSE TO REQUEST NO. 677:**

Coupons does not have any documents responsive to this request.

Date: November 14, 2006

Dennis M. Cusack

Farella, Braun & Martel, LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400 (Tel)
(415) 954 4480 (Fax)

# PROOF OF SERVICE

I, the undersigned, declare as follows. I am employed in the County of San Francisco where this service occurred. I am over the age of eighteen years and not a party to this action. My business address is 235 Montgomery Street, 30th Floor, San Francisco, California. On the date below I served true copies of the document(s) listed below:

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below on June 6, 2005.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☒ by transmitting the documents to a messenger service (via Red Hot Courier) who will personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by emailing the documents (s) listed above to the person(s) at the address(es) set forth below.

Mark Hancock
Sedgwick, Detert, Moran & Arnold
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Fax: (415) 781-2635

Jonathan K. Tycko
Tycko & Zavareei LLP
2000 "L" Street, N.W.
Suite 808
Washington, D.C. 20036
Fax: (202) 973-0950

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in San Francisco, California on November 14, 2006.

*Angelica V. Dugan*
Angelica V. Dugan

19082\1094906.1

PROOF OF SERVICE