Coupons, Inc. v. Ellen A. Efros, et al.
USDC, District of Columbia, 1:06-CV-00142 HHK

DECLARATION OF MARK J. HANCOCK IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL

# EXHIBIT G

## Seidlitz, Erik

**From:** Seidlitz, Erik
**Sent:** Friday, December 01, 2006 1:43 PM
**To:** 'DCusack@fbm.com'
**Cc:** Hancock, Mark; Wasserman, Steven; Sheridan, Stephanie; 'jtycko@tzslaw.com'
**Subject:** Coupons / Plaintiff's Resp. to RFPs

Please see attached.

Regards,

**Erik R. Seidlitz**
Attorney at Law
**SEDGWICK, DETERT, MORAN & ARNOLD LLP**
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Direct: 415.627.1579
Main: 415.781.7900
Fax: 415.781.2635
erik.seidlitz@sdma.com
www.sdma.com




**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Tel: 415.781.7900  Fax: 415.781.2635

December 1, 2006

**VIA EMAIL**
Dennis M. Cusack, Esq.
Farella Braun & Martel LLP
235 Montgomery St
San Francisco, CA 94104

Re:   *Coupons, Inc. v. Efros, et al.*
      United States District Court for the District of Columbia,
      Case No. 1:06-CV-00142 HHK
      Our File No. 0003-132625

Dear Mr. Cusack:

This letter is an effort to meet and confer regarding plaintiff's responses to our First Request for Production of Documents. At the outset, we note that many of plaintiff's responses state it will produce all responsive, non-privileged documents "that have not already been produced." Please confirm that plaintiff is referring to documents that have already been produced *in this litigation*. We also have concerns regarding the following responses:

Request for Production No. 36: We requested all documents pertaining to the settlement agreement reached in the underlying action, including but not limited to documents related to the settlement negotiations and advice concerning those communications or the eventual settlement received by plaintiff from Foley & Lardner, your firm, or any other attorney(s). Plaintiff's response states it will produce the settlement agreement. We understand this to mean that there may be other documents in plaintiff's possession responsive to this request that are being withheld on the basis of attorney-client and/or work-product privileges. Because the information sought is related to issues plaintiff has brought into this litigation, these objections have been waived. See *Rutgard v. Haynes*, 185 F.R.D. 596, 599 (D. Cal. 1999) (waiver of privilege and successor counsel's work product, including opinions, found where plaintiff sued former counsel to recover fees and amount paid in settlement); *Byers v. Burleson*, 100 F.R.D. 436, 440 (D.D.C. 1983) (waiver of privilege found where plaintiff interjected statute of limitations issue into the case). We therefore request that plaintiff provide an amended response and produce all documents responsive to this request, without objection.

SF/1371886v1

Dennis M. Cusack, Esq.
Re: *Coupons, Inc. v. Efros, et al.*
December 1, 2006
Page 2

Request for Production No. 58: We requested all communications between plaintiff and any shareholder relating to liability insurance, the Policies, Rader Fishman, the Action, the Broker's Suit, the Arbitration, and/or the Underlying Litigation. Your objections that the request is overbroad and harassing and seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence are without merit. Plaintiff alleges it incurred significant expenses as a result of the events giving rise to this litigation. It is reasonable to assume plaintiff had communications with its shareholders concerning these expenses, the Black Diamond litigation, the Arbitration, Rader Fishman, etc. Therefore, please provide an amended response and produce all documents responsive to this request.

We ask that you respond to this letter by December 6, 2006, and indicate whether you are willing to provide amended responses and documents to address each of the deficiencies that we have identified in this letter. If any documents have been or will be withheld on a claim of privilege, please also provide a privilege log with your response.

Thank you for your attention to this matter.

Very truly yours,

Erik R. Seidlitz
Sedgwick, Detert, Moran & Arnold LLP


cc:   Steven D. Wasserman, Esq.
      Mark J. Hancock, Esq.
      Stephanie Sheridan, Esq.
      Jon Tycko, Esq.

SF/1371886v1