Coupons, Inc. v. Ellen A. Efros, et al.
USDC, District of Columbia, 1:06-CV-00142 HHK

DECLARATION OF MARK J. HANCOCK IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL

# EXHIBIT H

**Seidlitz, Erik**

**From:** Hancock, Mark
**Sent:** Thursday, December 21, 2006 9:44 AM
**To:** 'NGoteiner@fbm.com'
**Cc:** 'Jon Tycko'
**Subject:** Coupons / Meet and Confer Letter Regarding Coupons' Responses to Interrogatories

Please see attached correspondence.

Mark J. Hancock
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Main: 415.781.7900, ext. 1543
Fax: 415.781.2635
mark.hancock@sdma.com
www.sdma.com

1/22/2007





# SEDGWICK
## DETERT, MORAN & ARNOLD LLP

One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Tel: 415.781.7900  Fax: 415.781.2635

December 21, 2006

**VIA EMAIL**
Neil Goteiner, Esq.
Farella Braun & Martel LLP
235 Montgomery St
San Francisco, CA 94104

Re:  *Coupons, Inc. v. Efros, et al.*
     United States District Court for the District of Columbia,
     Case No. 1:06-CV-00142 HHK
     Our File No. 0003-132625

Dear Mr. Goteiner:

We write to address deficiencies in plaintiff's responses to defendants' interrogatories. The deficiencies in your client's responses which we have identified so far are as follows:

## Responses to Rader Fishman's First Set of Interrogatories

Interrogatory Nos. 1: We requested that plaintiff identify all communications between Coupons and Rader relating to the preparation of the August 7, 2001 search and opinion letter from Rader to Steven Boal. Assuming solely for purposes of argument that the interrogatory calls for "a compilation, abstract or summary," then, under F.R.C.P. Rule 33(d), plaintiff would need to *"specify the records from which the answer may be derived or ascertained…A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."* Plaintiff's response does not enable use to identify the specific "documents and emails containing or referring to responsive communications," which you say are responsive to this interrogatory. Please specify these documents in sufficient detail as required by rule. Your specification should include bates numbers.

Plaintiff's response also states that "[o]n information and belief, Frank Serafin may have communicated with Kananen to arrange preparation and receipt of the letter." You have not identified the "information" you have or the basis for any such belief. You need to provide that. If, in reality, you have no facts to support the occurrence and content of any such communication by Serafin, then say so.

Neil Goteiner, Esq.
Re: *Coupons, Inc. v. Efros, et al.*
December 21, 2006
Page 2


Interrogatory No. 2: We requested that plaintiff identify all communications between Coupons and Rader relating to the preparation of the July 11, 2002, updated search and opinion letter from Rader to Steven Boal. You say that the interrogatory calls for a compilation or list. Assuming solely for purposes of argument that the interrogatory calls for "a compilation, abstract or summary," then, under F.R.C.P. Rule 33(d), plaintiff would need to *"specify the records from which the answer may be derived or ascertained...A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."* Plaintiff's response does not enable use to identify the specific "documents and emails containing or referring to responsive communications," which you say are responsive to this interrogatory. Please specify these documents in sufficient detail as required by rule. Your specification should include bates numbers.

Plaintiff's response also states that "[o]n information and belief, Frank Serafin may have communicated with Kananen or Efros to arrange preparation and receipt of the letter." You have not identified the "information" you have or the basis for any such belief. You need to provide that. If, in reality, you have no facts to support the occurrence and content of any such communication by Serafin, then say so.

Interrogatory No. 3: We requested that plaintiff identify all communications between Coupons and Rader relating to the preparation of the August 7, 2001, re Coupons, Inc. from Rader to Rod Sockolov. You say that the interrogatory calls for a compilation or list. Assuming solely for purposes of argument that the interrogatory calls for "a compilation, abstract or summary," then, under F.R.C.P. Rule 33(d), plaintiff would need to *"specify the records from which the answer may be derived or ascertained...A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."* Plaintiff's response does not enable use to identify the specific "documents and emails containing or referring to responsive communications," which you say are responsive to this interrogatory. Please specify these documents in sufficient detail as required by rule. Your specification should include bates numbers.

Plaintiff's response also states that "[o]n information and belief, Frank Serafin may have communicated with Kananen to arrange receipt of the letter." You have not identified the "information" you have or the basis for any such belief. You need to provide that. Do you have evidence of any such communication other than the email from Serafin to Ron Kananen which was referenced in Kananen's deposition? If so, please identify it. If not, please say so.

Interrogatory No. 4: We requested that plaintiff identify all communications between Coupons and Rader relating to the completion or submission of Coupons' 2001 application

Neil Goteiner, Esq.
Re: *Coupons, Inc. v. Efros, et al.*
December 21, 2006
Page 3

for insurance with Indian Harbor. You say that the interrogatory calls for a compilation or list. Assuming solely for purposes of argument that the interrogatory calls for "a compilation, abstract or summary," then, under F.R.C.P. Rule 33(d), plaintiff would need to *"specify the records from which the answer may be derived or ascertained...A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."* Plaintiff's response does not enable use to identify the specific "documents and emails containing or referring to responsive communications," which you say are responsive to this interrogatory. Please specify these documents in sufficient detail as required by rule. Your specification should include bates numbers.

Plaintiff's response also states that "[o]n information and belief, Frank Serafin may have communicated with Kananen to arrange preparation and receipt of the two August 7, 2001 letters." With respect to the August 7, 2001 opinion letter, you have not identified the "information" you have or the basis for any such belief. You need to do that. Concerning the August 7, 2001 letter to Sokolov, do you have evidence of any such communication other than the email from Serafin to Kananen, which was referenced in Kananen's deposition? If so, please identify it. If not, please say so.

Interrogatory No. 5: We requested that plaintiff identify all communications between Coupons and Rader relating to the completion or submission of Coupons' 2002 application for insurance with Indian Harbor. You say that the interrogatory calls for a compilation or list. Assuming solely for purposes of argument that the interrogatory calls for "a compilation, abstract or summary," then, under F.R.C.P. Rule 33(d), plaintiff would need to *"specify the records from which the answer may be derived or ascertained...A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."* Plaintiff's response does not enable use to identify the specific "documents and emails containing or referring to responsive communications," which you say are responsive to this interrogatory. Please specify these documents in sufficient detail as required by rule. Your specification should include bates numbers.

Plaintiff's response also states that "[o]n information and belief, Frank Serafin may have communicated with Kananen or Efros to arrange receipt of the updated search and opinion letter, or other information needed for the application." Please identify the "information" Coupons has and the basis for its "belief".

At this point, you have disclosed no facts to support the allegations in your complaint about a purported failure to ensure that certain 2002 application questions were answered differently than they were. Paragraph 18 of your First Amended Complaint alleges that "Kananen[] fail[ed] to ensure Coupons answered questions on the 2002 application as fully as possible."

Neil Goteiner, Esq.
Re: *Coupons, Inc. v. Efros, et al.*
December 21, 2006
Page 4

Paragraph 20(d) alleges, "Kananen and Rader[] [had a] duty to advise Coupons about information as to which he was most knowledgeable for the purpose of providing answers on the 2002 Policy application, of which Kananen was aware." Paragraph 21(d) contains a related allegation of breach. What evidence do you have that Rader was provided with a copy of the 2002 application? If it was provided, when was it provided? What evidence do you have that Coupons asked for Rader's assistance in answering questions in the 2002 application? If assistance was requested, what questions were called to Rader's attention? What was the substance of any purported communications which did take place concerning the completion of the 2002 application? *If you have any evidence to support the allegations you are making, then you need to provide it immediately. If you have no such evidence, then the allegation should not have been made and you should amend the complaint to withdraw this allegation immediately.*

Interrogatory No. 8: Generally, we requested that plaintiff describe any communication with Rader prior to the commencement of the underlying action, in which Coupons described the characteristics and features of any Coupons product which differed from the electronic coupons distribution system described in the Boal application. As you know, this directly relates to your contention that Ron Kananen should have disclosed the Barnett patents in the 2002 opinion letter. You say that the interrogatory calls for a compilation or list. Assuming solely for purposes of argument that the interrogatory calls for "a compilation, abstract or summary," then, under F.R.C.P. Rule 33(d), plaintiff would need to *"specify the records from which the answer may be derived or ascertained…A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."* Plaintiff's response does not enable use to identify the specific "documents and emails containing or referring to responsive communications," which you say are responsive to this interrogatory. Please specify these documents in sufficient detail as required by rule. Your specification should include bates numbers.

Your assertion that Steven Boal communicated frequently with Ron Kananen about Coupons' products and services is vague and evasive. Any such communications need to be described in detail, as required by the interrogatory.

Interrogatory No. 10: We asked for the facts behind your contention that, had Coupons been informed of the Barnett patents and any infringement risks they presented, Coupons would have acted to preempt the underlying litigation. Your response contains no facts which support the assertion in your response that Coupons would have "eliminated the risk of a patent infringement lawsuit." What is your basis for saying that the risk would have been eliminated? For example, what would the terms of any deal with E-Centives have been?

Neil Goteiner, Esq.
Re: *Coupons, Inc. v. Efros, et al.*
December 21, 2006
Page 5

When would it have been reached? Does your claim rest on anything other than speculation? If so, you need to provide the evidence. If you have no additional evidence, then say so.

Interrogatory No. 11: We requested that plaintiff identify all communications between Coupons and Rader, prior to the commencement of the underlying action, relating to the policies. Plaintiff's response objects on the ground that the interrogatory duplicates Interrogatory Nos. 1-5. We understand this to mean that plaintiff contends that there are no other communications responsive to this request other than those provided in the responses to Interrogatory Nos. 1-5. Please confirm that there are no communications responsive to this request other than those purportedly identified in the responses to Interrogatory Nos. 1-5.

You say that the interrogatory calls for a compilation or list. Assuming solely for purposes of argument that the interrogatory calls for "a compilation, abstract or summary," then, under F.R.C.P. Rule 33(d), plaintiff would need to *"specify the records from which the answer may be derived or ascertained...A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."* Plaintiff's response does not enable use to identify the specific "documents and emails containing or referring to responsive communications," which you say are responsive to this interrogatory. Please specify these documents in sufficient detail as required by rule. Your specification should include bates numbers.

Interrogatory No. 12: We requested that plaintiff identify all communications between Coupons and Rader, prior to the commencement of the underlying action, relating to Response Reward Systems LLC. You say that the interrogatory calls for a compilation or list. Assuming solely for purposes of argument that the interrogatory calls for "a compilation, abstract or summary," then, under F.R.C.P. Rule 33(d), plaintiff would need to *"specify the records from which the answer may be derived or ascertained...A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."* Plaintiff's response does not enable use to identify the specific "documents and emails containing or referring to responsive communications," which you say are responsive to this interrogatory. Please specify these documents in sufficient detail as required by rule. Your specification should include bates numbers.

Plaintiff's response also states that Boal communicated with Kananen to obtain his advice in connection with the "Response Rewards matter." Please provide the date of this purported communication between Boal and Kananen and identify what "advice" was sought. In addition, please clarify what the "Response Rewards matter" is. As you know, Kananen testified in his deposition of having learned in the course of this litigation that Boal engaged in communications with Response Rewards that he did not tell Kananen about.

Neil Goteiner, Esq.
Re: *Coupons, Inc. v. Efros, et al.*
December 21, 2006
Page 6

Interrogatory No. 13: We requested that plaintiff identify all communications between Coupons and Rader, prior to the commencement of the underlying action, relating to Planet U. You say that the interrogatory calls for a compilation or list. Assuming solely for purposes of argument that the interrogatory calls for "a compilation, abstract or summary," then, under F.R.C.P. Rule 33(d), plaintiff would need to *"specify the records from which the answer may be derived or ascertained...A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."* Plaintiff's response does not enable use to identify the specific "documents and emails containing or referring to responsive communications," which you say are responsive to this interrogatory. Please specify these documents in sufficient detail as required by rule. Your specification should include bates numbers.

Plaintiff's response also states that Boal communicated with Kananen to obtain his advice in connection with the "Planet U matter." Please provide the date of this purported communication between Boal and Kananen and state what "advice" Boal sought. In addition, please clarify what the Planet U "matter" is, according to Boal.

Interrogatory No. 14: We requested that plaintiff identify all communications between Coupons and Rader, relating to the submission of a claim form under any policy. You say that the interrogatory calls for a compilation or list. Assuming solely for purposes of argument that the interrogatory calls for "a compilation, abstract or summary," then, under F.R.C.P. Rule 33(d), plaintiff would need to *"specify the records from which the answer may be derived or ascertained...A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."* Plaintiff's response does not enable use to identify the specific "documents and emails containing or referring to responsive communications," which you say are responsive to this interrogatory. Please specify these documents in sufficient detail as required by rule. Your specification should include bates numbers.

Plaintiff's response also states that Boal "vaguely recalls a discussion with Kananen or Efros in which submission of the Claim Form was discussed in connection with the Policy's $500,000 deductible." Please provide the date of this purported discussion between Kananen or Efros.

Interrogatory No. 15: We requested that plaintiff identify all pre-arbitration communications between Coupons and any person, other than Rader, relating to the submission of a claim form under any policy. You say that the interrogatory calls for a compilation or list. Assuming solely for purposes of argument that the interrogatory calls for "a compilation, abstract or summary," then, under F.R.C.P. Rule 33(d), plaintiff would need to *"specify the*

Neil Goteiner, Esq.
Re: *Coupons, Inc. v. Efros, et al.*
December 21, 2006
Page 7

*records from which the answer may be derived or ascertained...A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained."* Plaintiff's response does not enable use to identify the specific "documents and emails containing or referring to responsive communications," which you say are responsive to this interrogatory. Please specify these documents in sufficient detail as required by rule. Your specification should include bates numbers. If any documents have been or will be withheld on a claim of privilege, please also provide a privilege log with your response.

Interrogatory No. 20: We requested that plaintiff state all facts supporting each of Coupons' claims for malpractice against Rader.

You provide no facts to support your allegation in paragraph 21(b) of the First Amended Complaint that, had Kananen disclosed the Barnett patents in his 2002 opinion letter, "Coupons would have been able successfully to preempt an infringement suit by Black Diamond, such as by negotiating a license." What facts do you have that any negotiations would have been successful? What would the terms of the license or agreement have been? When would it have been entered into, etc.? Is this allegation that Coupons would have been successful in negotiations based on anything other than speculation?

You provide no facts to support your allegation in paragraphs 20 and 21 of the First Amended Complaint that Kananen's 2002 was not thorough and accurate. The conclusory assertions in your response do not show what facts Kananen allegedly had in his possession about material differences between the system described in the Boal application and the system being used by Coupons, or why the 2002 search should not have been based on the content of the Boal application. If you have any facts, you need to provide them. Also, how were the Barnett patents "more relevant to Coupons' products than he patents that Kananen did disclose," as you assert in your response? Your conclusory assertion is insufficient.

You provide no facts to support your allegations about Kananen having purportedly failed to ensure that Coupons' 2002 application certain information. See discussion regarding interrogatory no. 25, above.

Also, with respect to the August 7, 2001 opinion letter, plaintiff's response states that Kananen "indicated to others at Rader, but not Coupons, that he did not now how to draft such a letter." We are not aware of any such communication. Please state all facts to support this contention, or provide the bates number of the document you are referring to.

Interrogatory No. 21: We requested that plaintiff state all facts supporting each of Coupons' claims of breach of fiduciary duty against Rader.

Neil Goteiner, Esq.
Re: *Coupons, Inc. v. Efros, et al.*
December 21, 2006
Page 8

The deficiencies in this response are the same which we have identified with respect to interrogatory no. 20.

## Responses to Ronald P. Kananen's First Set of Interrogatories

Interrogatory No. 1: We requested that plaintiff state all facts supporting each of Coupons' claims of malpractice against Kananen.

The deficiencies in this response are the same which we have identified with respect to the response to Rader's interrogatory no. 20.

Interrogatory No. 2: We requested that plaintiff state all facts supporting each of Coupons' claims of breach of fiduciary duty against Kananen.

The deficiencies in this response are the same which we have identified with respect to the response to Rader's interrogatory no. 20.

Interrogatory No. 8: We requested that plaintiff state all the reasons it decided to settle the underlying action on the terms that it did. By claiming damages for the attorneys fees *and* amount paid in settlement of the underlying action, Coupons has put in issue the reasonableness of that settlement, *and* successor counsel's actions in defending it and recommending that settlement. Because the information sought is related to issues plaintiff has brought into this litigation, any attorney-client privilege or work product protection has been waived. See *Rutgard v. Haynes*, 185 F.R.D. 596, 599 (S.D. Cal. 1999). What advice did Coupons receive from its counsel which led to the settlement? Who provided that advice? Please provide an amended response, without objection.

Interrogatory No. 10: Please provide the current addresses and telephone numbers for Frank Serafin, Michael Walsh, Neil Wolff and Richard Strock.

Interrogatory No. 11: We requested that plaintiff state all of the factors which led to the termination of Frank Serafin's employment with Coupons. Your objection that the requested information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence is without merit  As you know, Ellen Efros testified in her deposition that Frank Serafin told her in late 2003 that he was being blamed within Coupons for not submitting the claim form to Indian Harbor. This is evidence that in Coupons' view, Serafin had been tasked with submitting the claim form by a certain date, and that he had failed to do that. Accordingly, the facts and circumstances surrounding Serafin's termination are directly at issue in this case. Please provide a complete response to the interrogatory.

Neil Goteiner, Esq.
Re: *Coupons, Inc. v. Efros, et al.*
December 21, 2006
Page 9


Please respond to this letter no later than December 27, 2006. If you plan to provide amended responses to the interrogatories to cure these deficiencies, those amended responses should be provided by December 29, 2006. If you do not promptly provide complete, amended responses, we will not be able to complete the Boal and Weitzman depositions on the dates now scheduled, and will reserve the right to bring them back for additional sessions or take any other action we deem appropriate.

Very truly yours,


Mark J. Hancock
Sedgwick, Detert, Moran & Arnold LLP