Coupons, Inc. v. Ellen A. Efros, et al.
USDC, District of Columbia, 1:06-CV-00142 HHK

DECLARATION OF MARK J. HANCOCK IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL

# EXHIBIT K

## Seidlitz, Erik

| | |
|---|---|
| **From:** | Seidlitz, Erik |
| **Sent:** | Tuesday, December 26, 2006 11:53 AM |
| **To:** | 'NGoteiner@fbm.com' |
| **Cc:** | 'DCusack@fbm.com'; Hancock, Mark; Wasserman, Steven; Sheridan, Stephanie; 'jtycko@tzlegal.com' |
| **Subject:** | Coupons / Plaintiff's Resp. to RFPs |

Neil -

I understand Dennis Cusack is out of the office until next week so I am directing the attached correspondence to your attention. Please provide a response to the letter by December 29, 2006, in lieu of the December 27 date provided for in the letter.

Thank you,

**Erik R. Seidlitz**
Attorney at Law
**SEDGWICK, DETERT, MORAN & ARNOLD LLP**
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Direct: 415.627.1579
Main: 415.781.7900
Fax: 415.781.2635
erik.seidlitz@sdma.com
www.sdma.com

1/22/2007




# SEDGWICK
### DETERT, MORAN & ARNOLD LLP

One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Tel: 415.781.7900  Fax: 415.781.2635

December 19, 2006

**VIA EMAIL**
Dennis M. Cusack, Esq.
Farella Braun & Martel LLP
235 Montgomery St
San Francisco, CA 94104

Re: *Coupons, Inc. v. Efros, et al.*
United States District Court for the District of Columbia,
Case No. 1:06-CV-00142 HHK
Our File No. 0003-132625

Dear Mr. Cusack:

This letter is in response to your December 15, 2006 letter and constitutes a further effort to meet and confer regarding plaintiff's responses to our discovery. At the outset, we note that your letter does not address our concerns that many of plaintiff's responses state it will produce all responsive, non-privileged documents "that have not already been produced." We requested that you confirm that plaintiff is referring to documents that have already been produced *in this litigation*. Please do so. We also have concerns regarding your letter and the following responses:

Request for Production No. 36: Contrary to your assertion *Rutgard v. Haynes*, 185 F.R.D. 596, 599 (S.D. Cal. 1999) is correct and directly on point. In *Rutgard*, the plaintiff claimed damages for recovery of fees paid to successor counsel as well as the amount paid to settle the underlying litigation. The defendant argued that because the plaintiff put these amounts at issue the successor counsel's files were discoverable. The court held that, by claiming damages to recover attorney's fees *and* the amount of the settlement in the underlying litigation, the plaintiff waived the attorney-client privilege between himself and successor counsel. *Rutgard, supra*, 185 F.R.D. at 599-600. The court reasoned that the plaintiff had put "in issue" the reasonableness of that settlement, *and* successor counsel's actions in defending him and recommending that settlement. *Ibid*. Based on these reasons, the court also found that the successor counsel's work product, including opinions, were discoverable as well. *Rutgard, supra*, 185 F.R.D. at 601.

*Rutgard* is nearly identical to the instant matter. Coupons claims damages for the attorneys fees *and* amount paid in settlement of the underlying action. Coupons has therefore put "in issue" the reasonableness of that settlement, *and* successor counsel's actions in defending it

Dennis M. Cusack, Esq.
Re: *Coupons, Inc. v. Efros, et al.*
December 19, 2006
Page 2

and recommending that settlement. As a result, plaintiff has waived the attorney-client privilege between itself and successor counsel and successor counsel's work product is also discoverable.

Your citation to *Schlumberger Ltd. v. Superior Court*, 115 Cal.App.3d 386 (1981) for the general principle that in an attorney malpractice case the privilege is not waived as to successor counsel is misplaced. Indeed, *Rutgard* initially sets forth this principle before it determined that it did not apply. Moreover, *Schlumberger* is distinguishable from the instant matter. In *Schlumberger*, the defendant seeking the privileged communications relied upon the decision in *Merritt v. Superior Court*, 9 Cal.App.3d 721 (1970). The *Schlumberger* court stated that the decision in *Merritt* permitting discovery of attorney-client communications only applied "where the decisions, conclusions and mental states of the attorneys are placed in issue...." *Schlumberger, supra,* 115 Cal.App.3d at 393. The *Schlumberger* court found that those issues had not been placed before the court. As stated above, Coupons has put in issue the reasonableness of the settlement, *and* successor counsel's actions in defending it and recommending that settlement.

Based on the foregoing, we request that plaintiff provide an amended response and produce all documents responsive to this request, without objection.

Request for Production No. 58: You stated that you have located an email responsive to this request and have produced it accordingly. In regard to plaintiff's written discovery responses, we request that plaintiff provide an amended, verified written response to this request for production confirming that all responsive documents in the possession, custody, or control of Coupons will be or have been produced. If all responsive documents have not been produced, please produce these documents immediately.

We ask that you respond to this letter by December 27, 2006, and indicate whether you are willing to provide amended responses and documents to address each of the deficiencies that we have identified in this letter. We note that you did not produce a privilege log with your letter. Again, if any documents have been or will be withheld on a claim of privilege, please also provide a privilege log with your response.

Thank you for your attention to this matter.

Very truly yours,

Erik R. Seidlitz
Sedgwick, Detert, Moran & Arnold LLP

SF/1376131v1

Dennis M. Cusack, Esq.
Re: *Coupons, Inc. v. Efros, et al.*
December 19, 2006
Page 3

cc:    Steven D. Wasserman, Esq.
       Mark J. Hancock, Esq.
       Stephanie Sheridan, Esq.
       Jon Tycko, Esq.

SF/1376131v1