Coupons, Inc. v. Ellen A. Efros, et al.
USDC, District of Columbia, 1:06-CV-00142 HHK

DECLARATION OF MARK J. HANCOCK IN SUPPORT OF DEFENDANTS'
MOTION TO COMPEL

# EXHIBIT S

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

--oOo--

COUPONS, INC.,                )
                              )
        Plaintiff,            )
                              )
    vs.                       ) No. 1:06-CV-00142-HHK
                              )
ELLEN A. EFROS, et al.,       )
                              )
        Defendants.           )
_____)

**CERTIFIED COPY**

**CONFIDENTIAL**

VIDEOTAPED DEPOSITION OF STEVEN R. BOAL

Tuesday, January 9, 2007

CONFIDENTIAL TRANSCRIPT AND EXHIBITS

REPORTED BY: DENISE A. FORD, CSR 7525 (390070)



LEGALINK®
A MERRILL COMMUNICATIONS COMPANY

575 Market St
11th Floor
San Francisco, CA 94105

tel (415) 357-4300
tel (800) 869-9132
fax (415) 357-4301

www.merrillcorp.com

GLOBAL COURT REPORTING · LEGAL VIDEOGRAPHY · TRIAL SERVICES

10   Q.   Do you know whether before Coupons and
11 E-Centives entered into the settlement agreement
12 Ellen Efros was consulted with respect to the terms
13 of the settlement agreement?
14       I know you were represented by Foley at that
15 point and Efros was no longer representing you in
16 the litigation.  I understand that.
17       Notwithstanding that, do you know whether
18 Efros was consulted in any fashion with respect to
19 the terms of that settlement agreement that was
20 reached?
21   A.   I don't know.
22   Q.   What were the reasons that Coupons
23 decided to settle the Black Diamond litigation when
24 it did?
25              MR. CUSACK:  Let me just caution you

134

1  not to disclose conversations with the Foley
2  attorneys.
3           THE WITNESS: How can I answer it
4  then?
5           MR. CUSACK: Recite the reasons you
6  had in your own mind at the time about settling it,
7  that's fine, just do it without referencing
8  communications with Foley.
9           MR. HANCOCK: Let me think about that
10 for a second, and also for clarification, so are
11 you -- is Coupons asserting the attorney/client
12 privilege with respect to all communications between
13 Coupons and Foley & Lardner?
14          MR. CUSACK: Yes.
15          MR. HANCOCK: And so any questions on
16 that subject you would instruct him not to answer;
17 is that right?
18          MR. CUSACK: Correct.
19          MR. HANCOCK: Q. So what is your
20 answer to that question?
21      A.  Sir, just a risk balance decision
22 based on expenses thus far, expected outcome. When
23 Foley took over the case was the first time we
24 ever -- it was ever impressed upon us that this
25 wasn't a slam dunk. We don't infringe; we don't

STEVEN R. BOAL     January 9, 2007
CONFIDENTIAL

1  win.
2        Prior to Foley taking over the case we had
3  been told constantly no risk, we don't infringe,
4  this is clear.  The judge is an idiot.  This is all
5  the feedback we heard from Ellen, and we didn't know
6  any better.
7        Foley, without getting specific --
8            MR. CUSACK:  I will caution you about
9  talking about conversations with Foley.
10           THE WITNESS:  So we had conversations
11 with counsel and made a risk mitigation decision.
12           MR. HANCOCK:  This is the Black
13 Diamond settlement agreement.  Let's mark it as the
14 next in order.
15       (Whereupon Exhibit 17 was marked for
16                identification.)
17           MR. HANCOCK:  Q.  Please turn to
18 the signature page, and first let's figure out who
19 signed this.
20       A.    Jeff Weitzman.
21       Q.    And did he sign that with your
22 approval?
23       A.    Yes, he did.
24       Q.    And on page 7 there is the section on
25 License Fee Payments, and in Section 2.2(b) there is

Merrill Legal Solutions   (800) 869-9132

STEVEN R. BOAL    January 9, 2007
CONFIDENTIAL

```
 1   of tape no. 2 in the deposition of Steven Boal.
 2           Going off the record.  The time is 1:48 p.m.
 3                   (Break taken.)
 4           VIDEO OPERATOR:  This marks the
 5   beginning of tape no. 3 in the deposition of Steven
 6   Boal.
 7           The time is 1:56 p.m.
 8           MR. HANCOCK:  Mr. Boal, these
 9   comments are going to be more directed towards your
10   attorney, Mr. Cusack.  I need to make a little bit
11   more of a record with respect to the attorney/client
12   privilege conversation that you are asserting with
13   respect to the Foley communications.
14           Just so I am clear on this, our position in
15   this case has been that those are not privileged by
16   virtue of the damages that are being sought, and
17   that any privilege with respect to those
18   communications was waived or because -- it has been
19   impliedly waived by the fact that the damages has
20   been put in issue.
21           I want to formally bring that up so that you
22   can make sure and consider that because the
23   possibility should we prevail on a motion to compel,
24   we will come back and continue with another session
25   on this.  I just want to make sure it is given full
```

149

Merrill Legal Solutions    (800) 869-9132

```
 1   consideration before we leave the topic.
 2          So specifically I understand that you are
 3   asserting the privilege with respect to all
 4   communications between Coupons and Foley & Lardner
 5   concerning reasons for settlement of the Black
 6   Diamond litigation, and that you are instructing him
 7   not to answer any of those questions.
 8          Is that right and do you want to consider
 9   that any further, or is that the end of the issue?
10              MR. CUSACK:  That is correct, and for
11   all the reasons we have laid out in e-mails to you
12   and Eric, I don't see any reason to reconsider that.
13              MR. HANCOCK:  Okay.  So be it.
14       Q.   Let me go back to a communication you
15   referenced a few minutes ago right after you
16   initially referred to the call that you got from
17   Kamran Amjadi.
18          You also said that there was a communication
19   you had with Doodi Akhavan?
20       A.   Yes.
21       Q.   And how is that spelled?
22       A.   D-o-o-d-i maybe.
23       Q.   And how about the last name?
24       A.   That one I have no idea.  I could
25   venture a guess.  A-k-h-a-v-a-n maybe.
```

STEVEN R. BOAL   January 9, 2007
CONFIDENTIAL

```
 1              CERTIFICATE OF REPORTER
 2
 3         I, DENISE A. FORD, a Certified Shorthand
 4   Reporter, hereby certify that the witness in the
 5   foregoing deposition was by me duly sworn to tell
 6   the truth, the whole truth, and nothing but the
 7   truth in the within-entitled cause;
 8         That said deposition was taken down in
 9   shorthand by me, a disinterested person, at the time
10   and place therein stated, and that the testimony of
11   the said witness was thereafter reduced to
12   typewriting, by computer, under my direction and
13   supervision;
14         I further certify that I am not of counsel
15   or attorney for either or any of the parties to the
16   said deposition, nor in any way interested in the
17   event of this cause, and that I am not related to
18   any of the parties thereto.
19
20         DATED:  January 19, 2007.
21
22
23                    _____
                      DENISE A. FORD, CSR No. 7525
24
25
```

223

Merrill Legal Solutions   (800) 869-9132